PEOPLE *v.* WILLIAMS

1. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION.

Plea of guilty to the offense of assault with intent to rob being armed was properly accepted where the record shows that the trial court examined defendant, determined that the crime had been committed and that defendant had participated in it, that the plea was freely and understandingly made and where the court fully complied with guilty plea requirements established by Federal and state case law, and state statutes and court rules.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—PROMISE OF LENIENCY.

An unsupported allegation of a promise of leniency is not sufficient to invalidate otherwise exemplary criminal procedure in accepting a plea of guilty.

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 October 21, 1969, at Lansing. (Docket No. 7,757.) Decided November 26, 1969.

Larry Darnell Williams was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*George N. Schudlich,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 484-492.

Before: McGregor, P. J., and Bronson and Danhof, JJ.

Per Curiam. This case is submitted on the people's motion to affirm. GCR 1963, 817.5(3). Defendant was convicted, on a plea of guilty, of the crime. of assault with intent to rob being armed (MCLA § 750.89 [Stat Ann 1962 Rev § 28.284]) and was sentenced to serve 15 to 30 years in prison. Appellate counsel was requested and an appeal was filed alleging that the plea was not freely and voluntarily given and that the plea was made in response to promises of a lighter sentence.

A complete review of the transcript of the plea examination discloses that the court committed no error in accepting the guilty plea which, contrary to defendant's claims, was freely, understandingly and voluntarily made. The court examined defendant on the record and was satisfied that the crime of assault with intent to rob being armed had been committed and that defendant had participated therein. In addition, the transcript reveals that the court fully complied with the guilty plea requirements set forth by the United States Supreme Court in Boykin v. Alabama (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), as well as MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058), GCR 1963, 785.3(2) and People v. Barrows (1959), 358 Mich 267.

Defendant's claim that he acted in reliance on promises of a lighter sentence is not supported by affidavit and the record contradicts this allegation, as evidenced by the following statement during the proceedings:

"The Court: Has anyone forced you or threatened you in any way in this case?
"Defendant Williams: No, sir.

*"The Court:* This charge carries a maximum penalty of life. Do you understand that?

*"Defendant Williams:* Yes, sir.

*"The Court:* Anyone promised you probation or leniency in this case?

*"Defendant:* No, sir."

An unsupported allegation of promised leniency is not sufficient to invalidate otherwise exemplary criminal procedure. *People* v. *Mayfield* (1969), 16 Mich App 680.

Motion to affirm is granted.