PEOPLE v EATON

CRIMINAL LAW—PLEA OF GUILTY—MOTION TO WITHDRAW—DISCRE-
TION.
   A motion to withdraw a guilty plea, when first made after
     sentencing, addresses itself to the sound discretion of the
     trial court; the trial court's decision will not be disturbed
     on appeal unless there is a clear abuse of discretion resulting
     in a miscarriage of justice.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 2 December 7, 1971, at Lansing. (Docket No. 9607.) Decided January 24, 1972. Leave to appeal denied, 387 Mich 777.

Charles E. Eaton was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Donald A. Burge*, Prosecuting Attorney, and *Duane T. Triemstra*, Assistant Prosecuting Attorney, for the people.

Charles E. Eaton, *in propria persona*.

Before: McGREGOR, P. J., and BRONSON and TAR-GONSKI,* JJ.

  * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 503–506.
Withdrawal of plea of guilty and substitution of plea of not
   guilty after conviction, 20 ALR 1445, s. 66 ALR 628, 146 ALR
   1431.

Per Curiam. The defendant was arrested and indicted on two counts of murder, the first count charging him with first-degree murder, MCLA 750.316, MSA 28.548, and the second count charging him with second-degree murder, MCLA 750.317, MSA 28.549. On November 29, 1965, the defendant entered a plea of guilty to the charge of second-degree murder and the charge of first-degree murder was dropped. The defendant was thereafter sentenced to a term of natural life in prison.

After sentencing, the defendant made several motions to withdraw his guilty plea and for a new trial. A three-day hearing was held, resulting in a denial of defendant's motions. Defendant now appeals, alleging that his guilty plea was a result of an unfulfilled promise of leniency, and that the plea was not voluntarily made but was the result of coercive police tactics.

It is established law, that when first made after sentencing, a motion to withdraw a guilty plea addresses itself to the sound discretion of the trial court, *People v Vasquez,* 303 Mich 340 (1942); *People v Walls,* 3 Mich App 279 (1966), and the decision of the trial court will not be disturbed unless there is a clear abuse of discretion resulting in a miscarriage of justice. *People v Collins,* 380 Mich 131 (1968); *People v Winegar,* 380 Mich 719 (1968).

At the same time, the Supreme Court has held that, to be successful on a motion to withdraw a guilty plea because it was not voluntarily made, a defendant must convince the trial court by a preponderance of credible evidence "that the plea was the product of fraud, duress, or coercion, or so devoid of understanding that the defendant could not be said to have been *sui juris*". *People v Taylor,* 383 Mich 338, 361 (1970).

A careful review of the records in this case discloses that the trial judge went to great lengths to satisfy himself that the defendant's original plea was given voluntarily, intelligently, and without promise of leniency. At the same time, a careful review of the evidence introduced by the defendant at the hearing on his motion discloses no abuse of discretion on the part of the trial court in denying his motion. See *People* v *Walls,* 3 Mich App 279 (1966); *People* v *Mayfield,* 16 Mich App 680 (1969); *People* v *Williams,* 20 Mich App 311 (1969); *People* v *Fenn,* 23 Mich App 560 (1970); *People* v *Inosencio,* 35 Mich App 236 (1971).

Affirmed.