IN THE MATTER OF SUMMERVILLE

Docket No. 79963. Submitted December 9, 1985, at Grand Rapids.—
Decided January 21, 1986.

Wendell G. Summerville was 16 years old when he failed to stop his automobile for a red light, drove into an intersection and struck a motorcycle. A five-year-old passenger on the motorcycle died as a result of injuries suffered in the accident. A petition was filed in the Juvenile Division of the Wayne Probate Court charging Summerville with manslaughter. Following a hearing, Summerville was found guilty of manslaughter and sentenced to serve 13 weekends in a youth home. The sentence was imposed on January 5, 1984, while Summerville was 18 years old. Summerville began serving his sentence, but at the same time filed a claim of appeal with the Wayne Circuit Court, together with a motion for stay of execution of sentence. The court, William J. Giovan, J., entered an order staying the execution of the sentence on February 10, 1984. The State of Michigan then filed a motion to set aside the stay of execution of sentence and to dismiss Summerville's appeal on the ground that the Court of Appeals had jurisdiction over the appeal. The circuit court granted the motion by order dated July 30, 1984. On August 13, 1984, an order to show cause why Summerville should not be held in contempt for failure to resume serving his sentence was issued by the juvenile court, but was not personally served on Summerville. Summerville's 19th birthday was August 28, 1984, and on September 5, 1984, he filed a motion in juvenile court to terminate sentence on the ground that the juvenile court had lost jurisdiction over him when he became 19 years old. The court refused to hear the motion to terminate sentence and issued a second order to show cause. At the hearing on the order to show cause, it was learned that the order was not timely served on Summerville. He requested an adjournment, which was not granted at that time. Following the hearing Summerville was found guilty of contempt of court,

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 5.

Interference with enforcement of judgment in criminal or juvenile delinquent case as contempt. 8 ALR3d 657.

Y. Gladys Barsamian, J. The court fined Summerville and sentenced him to a term of confinement in the Detroit House of Correction. The court then granted the adjournment Summerville had requested earlier. Summerville filed a petition for superintending control and injunctive relief in Wayne Circuit Court. The court, Richard D. Dunn, J., issued an order allowing continuance of the contempt proceedings and an injunction staying the sentence. The Court of Appeals thereafter granted Summerville's application for delayed appeal, stayed execution of the sentence and took under advisement Summerville's motion to restrain the juvenile court from exercising continuing jurisdiction. On appeal Summerville contends that the juvenile court was without jurisdiction to initiate contempt proceedings against him after his 19th birthday and that there was insufficient evidence to support the juvenile court's finding that his conduct amounted to gross negligence. *Held:*

1. The juvenile court has jurisdiction over contempt proceedings involving contempt of juvenile court orders, even where the contemner is over 19 years of age at the time of the hearing.

2. Sufficient evidence was introduced to support the juvenile court's determination that Summerville was grossly negligent.

3. The juvenile court's jurisdiction over the manslaughter offense expired on Summerville's 19th birthday. Thus, the juvenile court is without authority to require respondent to serve the uncompleted portion of the manslaughter sentence.

4. That portion of the circuit court order staying execution of any contempt sentence until further review by that court is vacated.

5. That portion of the Court of Appeals order staying execution of the contempt sentence until further order of the Court of Appeals is vacated.

6. Summerville's motion to restrain the juvenile court from exercising continuing jurisdiction, which the Court of Appeals took under advisement in an October 23, 1984, order is considered and is denied for the reason that the motion has been rendered moot.

7. The decision of the juvenile court is affirmed and the case is remanded to the juvenile court for enforcement of the contempt order.

Affirmed and remanded.

CONTEMPT — JUVENILE COURT ORDERS — JURISDICTION.

The juvenile court has jurisdiction over contempt proceedings involving contempt of juvenile court orders, even where the contemner is over 19 years of age at the time of the hearing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*Bernard Adams, Jr.,* for respondent.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN,* JJ.

R. B. BURNS, J. Respondent was found guilty of manslaughter, MCL 750.321; MSA 28.553, following a probate court hearing. He was sentenced to serve 13 weekends in a youth home.

On January 31, 1984, respondent filed a claim of appeal with the Wayne County Circuit Court, together with a motion for stay of execution of sentence. According to respondent, he served a portion of his sentence until February 10, 1984, when Wayne County Circuit Court Judge William F. Giovan issued an order staying execution of sentence. Petitioner then filed a motion to set aside the stay of execution of sentence and to dismiss the appeal on the basis that the Court of Appeals had jurisdiction over the appeal. The circuit court granted the motion by order dated July 30, 1984, pursuant to MCL 600.861; MSA 27A.861 and MCL 600.863; MSA 27A.863.

On August 13, 1984, an order to show cause why respondent should not be held in contempt for failure to serve his sentence was issued by the juvenile court. The order was not personally served on respondent.

---

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

On September 5, 1984, respondent filed a motion in juvenile court to terminate sentence, arguing that because he was now 19 years old, the juvenile court lost jurisdiction over him pursuant to MCL 712A.2a(1); MSA 27.3178(598.2a)(1). The court refused to hear respondent's motion to terminate sentence and issued a second order to show cause dated September 13, 1984.

At the hearing on the order to show cause, it was learned that the order was not timely served on respondent. Respondent's request for an adjournment was granted, but the court continued to hear petitioner's witnesses. The court recanted its grant of adjournment and found respondent guilty of contempt of court, fined him $200 and sentenced him to a term of confinement in the Detroit House of Correction. After respondent reminded the court that it had granted respondent an adjournment, the court allowed the adjournment.

Respondent filed a petition for superintending control and injunctive relief in Wayne County Circuit Court. Judge Richard D. Dunn issued an order allowing continuance of the contempt proceedings and an injunction staying the sentence.

This Court thereafter, *inter alia,* granted respondent's application for delayed appeal, stayed execution of sentence and took under advisement respondent's motion to restrain the juvenile court from exercising continuing jurisdiction.

Before beginning our analysis of the issues involved, a brief summary of the underlying facts is in order. Marianne Maciak testified that she witnessed an accident at West Outer Drive and Asbury Park in Wayne County. She was driving at approximately 35 miles per hour in the inside lane on Outer Drive, next to the median when a blue Ford travelling 40 to 45 miles per hour cut in

front of her. A gray Horizon,[1] driven by respondent, was travelling at approximately 35 miles per hour in the center lane, about 10 feet in front of Maciak.

The Ford again switched lanes and cut in front of the Horizon. The Horizon then passed the Ford and cut in front of it. The two cars continued lane changing and cut in front of each other approximately four times. As the cars approached the Asbury Park intersection, the Horizon pulled in front of the Ford, drove into the intersection against a red light, and struck a motorcycle. The Horizon was travelling at approximately 40 to 45 miles per hour and was changing lanes at the time of the accident. Apparently, the Ford also became involved in the accident.

A five-year-old boy, who was a passenger on the motorcycle, was killed as a result of injuries suffered in the accident.

The testimony of the passengers in respondent's vehicle differed somewhat, but all agreed that the incident started a few minutes prior to the accident. According to these witnesses, the two vehicles were on Outer Drive approaching Hubbell when the Ford cut in front of the Horizon and slowed down. The two cars stopped next to each other at a red light at Hubbell. According to one of respondent's passengers, the woman driving the Ford mouthed the word "motherfucker" at the Horizon. When both cars again stopped next to each other, at a red light at Greenfield, respondent made an obscene finger gesture at the woman. She responded by pointing a revolver at respondent. The incident continued, resulting in the accident.

[1] Maciak described respondent's car as being a white Chevette, while respondent's appellate brief refers to it as a light colored Dodge Omni. Respondent's statement to the police indicates it was a gray Horizon. We will refer to it as such in this opinion.

The driver of the Ford, Lue Della Johnson, testified that respondent started the incident by cutting in front of her, almost hitting her vehicle. She responded by sounding her horn. Respondent then began to chase her and make obscene gestures at her. She claims she tried to lose respondent and stated that both vehicles ran the red light at Greenfield. She did not clearly recall the resulting accident.

Respondent admitted that he struck the motorcycle, had been speeding, and that the light at Asbury had turned red while he was still 50 to 100 feet from the intersection. He claimed that he was driving in the manner he was because he feared for his life and was attempting to escape from Johnson.

The first issue we address is whether, after respondent reached 19 years of age, the juvenile court had jurisdiction to initiate contempt proceedings against him for his failure to serve the sentence imposed for the manslaughter conviction.

Respondent contends that the juvenile court was without jurisdiction to initiate contempt proceedings against him after his 19th birthday pursuant to MCL 712A.2a; MSA 27.3178(598.2a) and MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1). We disagree.

Under the above cited statutes, continuing jurisdiction existed over respondent until his 19th birthday, since the original petition was authorized two days before his 17th birthday. *People v Kincaid,* 136 Mich App 209; 356 NW2d 4 (1984). However, we are not faced with the question of the juvenile court's general jurisdiction over juvenile offenders, but with the court's contempt jurisdiction.

Probate courts have the power to punish for contempt pursuant to MCL 712A.26; MSA 27.3178(598.26):

"The court shall have the power to punish for contempt of court in accordance with the provisions of chapter 5 of Act No. 314 of the Public Acts of 1915, 'The Judicature Act of 1915,' as amended, any person who wilfully violates, neglects, or refuses to obey and perform any order or process said court has made or issued in the enforcement of the provisions of this chapter."

See, also, *Teasel v Dep't of Mental Health,* 419 Mich 390; 355 NW2d 75 (1984).

Respondent was born on August 28, 1965. The events which served as the basis of the petition below occurred on July 20, 1982. The petition was authorized on August 25, 1982. Sentence was imposed on January 5, 1984, when respondent was 18 years old. The sentence was stayed on February 10, 1984, but the stay was lifted on July 30, 1984. Thus, from July 30, 1984, to August 28, 1984, respondent's 19th birthday, his failure to serve his sentence was arguably contempt of court.[2]

Were contempt an ordinary criminal act, there is no doubt that the juvenile court would have lost jurisdiction over respondent's contempt and the matter would have had to have been referred to district court. However, the special nature of contempt was noted by the Court in *People v Joseph,* 384 Mich 24; 179 NW2d 383 (1970). In that case, the defendant had been found guilty of contempt by the Wayne County Circuit Court. He argued that since Recorder's Court had exclusive jurisdiction over crimes committed within the City of Detroit, the circuit court lacked jurisdiction over the criminal contempt proceedings. The Court rejected the argument, holding that the court against which the contempt occurred has jurisdiction over the contempt proceedings:

[2] We are not called upon to determine if respondent was guilty of contempt.

"While contempt, like other crimes, is an affront to society as a whole, it is more directly an affront to the justice, authority and dignity of the particular court involved. Accordingly, the court with jurisdiction over the proceedings wherein the alleged contempt occurred has jurisdiction over contempt proceedings. *MacLean v Harp* (1933), 265 Mich 172; *Fitzsimmons v Board of Canvassers of Detroit* (1898), 119 Mich 147." *Id.,* p 35.

Accordingly, we conclude that the juvenile court has jurisdiction over contempt proceedings involving contempt of juvenile court orders, even where the contemner is over 19 years of age at the time of the hearing.

Respondent also argues that there was insufficient evidence to support the juvenile court's finding that his conduct amounted to gross negligence. We review this issue to determine if a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt or whether the court clearly erred. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Based upon our review of the record, we conclude that sufficient evidence was introduced to support the juvenile court's determination. A rational trier of fact could be convinced beyond a reasonable doubt that respondent was grossly negligent. The lower court did not clearly err. However, we do note that the juvenile court's jurisdiction over the manslaughter offense expired on respondent's 19th birthday. Thus, the juvenile court is without authority to require respondent to serve the uncompleted portion of the manslaughter sentence.

Before concluding, three items of housekeeping remain:

(1) That portion of the Wayne Circuit Court's October 10, 1984, order staying execution of any

contempt sentence until further review by that court is vacated.

(2) That portion of this Court's October 23, 1984, order staying execution of the contempt sentence until further order of this Court is vacated.

(3) Respondent's motion to restrain the juvenile court from exercising continuing jurisdiction, which this Court took under advisement in its October 23, 1984, order, is considered and the same is hereby denied, for the reason that the motion is rendered moot by this opinion.

The decision of the juvenile court is affirmed and the case is remanded to the juvenile court for enforcement of the contempt order. Jurisdiction not retained. No costs.