PEOPLE v RETTELLE

Docket No. 105776. Submitted September 9, 1988, at Lansing. Decided November 21, 1988.

Breck Eric Rettelle pled nolo contendere to a charge of involuntary manslaughter and guilty to charges of burning of personal property valued over $50, attempted malicious destruction of property belonging to a utility, and two counts of attempted malicious destruction of personal property resulting in damage greater than $100, Bay Circuit Court, William J. Caprathe, J. Defendant was sentenced to concurrent prison terms of ten to fifteen years for manslaughter, thirty-two to forty-eight months for burning of personal property, and sixteen to twenty-four months for each count of attempted malicious destruction of personal property. Defendant appealed following the denial of a motion to withdraw the pleas.

The Court of Appeals *held:*

1. Contrary to defendant's claim, his nolo contendere plea on the charge of involuntary manslaughter was supported by an ample factual basis.

2. There was a sufficient factual basis for the guilty pleas on the other charges and the trial court did not abuse its discretion in not allowing defendant to withdraw the pleas.

3. The sentence for the manslaughter conviction, which exceeded the sentencing guidelines, did not represent an abuse of discretion as sufficient reasons for departing from the guidelines were articulated. Nor was the sentence of incarceration unconstitutionally cruel and unusual simply because defendant, by his own admission, is an alcoholic in need of medical treatment.

Affirmed.

1. HOMICIDE — INVOLUNTARY MANSLAUGHTER.

Involuntary manslaughter occurs when death results from negligence which is gross, wanton or wilful, or criminal, indicating a

REFERENCES

Am Jur 2d, Homicide §§ 70, 91 *et seq.*

Validity and construction of statute defining homicide by conduct manifesting "depraved indifference". 25 ALR4th 311.

culpable indifference to the safety of others (MCL 750.321; MSA 28.553).

2. HOMICIDE — INVOLUNTARY MANSLAUGHTER — GROSS NEGLIGENCE.

The elements of gross negligence necessary to support a conviction of involuntary manslaughter are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) omitting to use such care and diligence to avert the threatened danger where, to the ordinary mind, it must be apparent that the result is likely to prove disastrous to another (MCL 750.321; MSA 28.553).

3. CRIMINAL LAW — GUILTY PLEAS — MOTION TO WITHDRAW PLEA.

A motion to withdraw a guilty plea, when first made after sentencing, addresses itself to the sound discretion of the trial court; the trial court's decision will not be disturbed on appeal unless there is a clear abuse of discretion resulting in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Gerald A. Sniderman & Associates* (by *Gerald A. Sniderman*), for defendant on appeal.

Before: CYNAR, P.J., and SHEPHERD and DOCTO-ROFF, JJ.

CYNAR, P.J. Defendant pled nolo contendere to a charge of involuntary manslaughter, MCL 750.321; MSA 28.553. Additionally, defendant pled guilty to burning of personal property over the value of $50, MCL 750.74; MSA 28.269, attempted malicious destruction of utility property, MCL 750.383a; MSA 28.615(1), and two counts of attempted malicious destruction of personal property resulting in damage greater than $100, MCL 750.377a; MSA 28.609(1). In exchange for defendant's pleas, the prosecutor agreed not to proceed on a third-degree

criminal sexual conduct charge as well as other information counts and dismissed a district court charge of malicious destruction of property under $100. The sentence guideline range for the manslaughter offense was zero to thirty-six months. Defendant was sentenced to concurrent prison terms of ten to fifteen years for manslaughter, thirty-two to forty-eight months for burning of personal property, and sixteen to twenty-four months for each count of attempted malicious destruction of personal property. Thereafter, the trial court denied defendant's motion to withdraw his pleas. Defendant now appeals as of right and we affirm.

On the evening of November 14, 1986, defendant was driving an automobile with several passengers. Two of the passengers thought that defendant had been drinking too much and indicated that he was driving erratically. The two passengers asked defendant to let them out of the car. Defendant informed them that he would pull over after he passed the next curve. However, defendant began to speed up and lost control of the vehicle. The car then flipped over and fell into a ditch filled with water. As a result, one of the passengers, Lisa Rechsteiner, was trapped under the car and drowned in the ditch. Witnesses at the scene believed that defendant had been drinking. Defendant's eyes were glassy and his speech was slurred. Approximately three hours after the incident, defendant had a blood-alcohol level of 0.10 percent.

On appeal, defendant first argues that his plea of nolo contendere on the involuntary manslaughter charge should be set aside because there was an insufficient factual basis for the plea. Defendant maintains that, based upon the face of the

plea, gross negligence cannot be found. We disagree.

Involuntary manslaughter occurs when death results from negligence which is gross, wanton or wilful, or criminal, indicating a culpable indifference to the safety of others. *People v Pittinger,* 105 Mich App 736, 740; 307 NW2d 715 (1981).

In *People v Townsend,* 214 Mich 267, 273; 183 NW 177 (1921), our Supreme Court stated:

> It is gross and culpable negligence for a drunken man to guide and operate an automobile upon a public highway, and one doing so and occasioning injuries to another, causing death, is guilty of manslaughter. It was unlawful for defendant to operate his automobile upon the public highway while he was intoxicated; made unlawful by statute, and wrong in and of itself, and it was criminal carelessness to do so and he is guilty of manslaughter, provided the death of Agnes Thorne was a proximate result of his unlawful act.

In *People v Allan,* 158 Mich App 472, 475; 404 NW2d 266 (1987), this Court, quoting *People v Orr,* 243 Mich 300, 307; 220 NW 77 (1928), and *Pittinger, supra,* p 741, reiterated the elements of gross negligence necessary to support a conviction of involuntary manslaughter as follows:

> "(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.
> "(2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.
> "(3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

In the present case, the trial court could infer

that defendant was intoxicated, that defendant failed to exercise ordinary care and diligence, and that defendant could have averted the threatened danger by stopping the vehicle when the passengers requested him to do so. Accordingly, we find that defendant's plea of nolo contendere was supported by an ample factual basis establishing defendant's guilt of involuntary manslaughter.

Defendant also argues that there was an insufficient factual basis to support his guilty pleas on the other four offenses. Defendant contends that his four guilty pleas should be set aside because his intoxication prevented him from forming the requisite intent to commit the offenses. We disagree.

There is no absolute right to withdrawal of a guilty plea. *People v Bencheck,* 360 Mich 430, 432; 104 NW2d 191 (1960). When first made after sentencing, a motion to withdraw a guilty plea addresses itself to the sound discretion of the trial court and the trial court's decision will not be disturbed unless there is a clear abuse of discretion resulting in a miscarriage of justice. *People v Winegar,* 380 Mich 719, 730-731; 158 NW2d 395 (1968); *People v Eaton,* 38 Mich App 113, 114; 195 NW2d 797 (1972), lv den 387 Mich 777 (1972).

At the guilty plea hearing, defendant stated that he committed the other four offenses on October 29 and 30, 1986, after he drank a significant amount of beer and peach schnapps. Defendant initially stated that he did not really know what he was doing when he committed the burning of personal property offense. However, after a recess was taken, defense counsel indicated that he had explained to defendant that defendant had a possible intoxication defense and that defendant was aware of the defense. Defense counsel further stated that, although defendant had been drinking at the time of the offenses, defendant knew what

he was doing and knew the consequences of his actions. The trial court also advised defendant of the availability of an intoxication defense and that defendant would waive his right to the defense by pleading guilty. Thereafter, defendant stated that, even though he might have been under the influence of alcohol, he knew what he was doing and intended to commit the offenses he pled guilty to.

Based on our review of the record, we find that there was a sufficient factual basis to support defendant's guilty pleas for burning of personal property, attempted malicious destruction of utility property, and both counts of attempted malicious destruction of personal property. Therefore, the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty pleas.

Lastly, defendant argues that his sentence of ten to fifteen years for involuntary manslaughter should be deemed as cruel and unusual punishment under the Eighth Amendment because he is an alcoholic in need of medical treatment. We disagree.

We do not find the sentence imposed here to be cruel or unusual. Defendant's sentence was within the statutory limits and the trial court articulated sufficient reasons for departing from the sentencing guidelines. The fact that a defendant might be an alcoholic in need of treatment should not necessarily preclude the trial court from imposing a prison sentence. Furthermore, we note that the trial court recommended substance abuse and mental health counseling for defendant. Thus, under the circumstances of this case, we cannot say that the trial court abused its discretion in sentencing to the extent that it shocks the conscience of this Court. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Affirmed.