PEOPLE v MOSELER

Docket No. 137266. Submitted September 8, 1993, at Grand Rapids. Decided November 1, 1993, at 9:30 A.M. Leave to appeal sought.

Dorothy J. Moseler was convicted by a jury in the Muskegon Circuit Court, James M. Graves, Jr., J., of involuntary manslaughter. The charge arose out of the death of the driver of an automobile that the defendant struck with her automobile after she had been driving at a high rate of speed without regard to traffic signals while she was intoxicated. The defendant testified that she had been attempting to get away from her boyfriend, who had threatened her with bodily harm. The defendant was sentenced to a prison term of from six to fifteen years. The defendant appealed.

The Court of Appeals *held:*

1. There was sufficient evidence to support the jury's finding of involuntary manslaughter. The fact that the defendant feared for her own safety did not preclude the jury from finding that she acted in a grossly negligent, wanton, or reckless manner.

2. On the basis of the existing record, defense counsel's decision not to introduce expert testimony regarding the battered women's syndrome cannot be said to have so prejudiced the defendant's case that it would support the claim of ineffective assistance of counsel.

3. Because duress is not a defense to homicide, no error resulted from the trial court's refusal to instruct the jury concerning duress.

4. The decedent's boyfriend, having been a passenger in the automobile that the defendant struck, properly was considered a victim for the purpose of the psychological injury provision of offense variable 13 of the sentencing guidelines.

5. The minimum sentence imposed by the trial court, being within the sentencing guidelines' range of two to seven years, is presumptively proportional. The trial court did not abuse its discretion by imposing the sentence it did.

Affirmed.

GRIFFIN, J., concurring with respect to the affirmance of the conviction but dissenting from the affirmance of the sentence,

stated that the minimum sentence imposed was not propor-
tional to the offense and the offender despite being within the
range determined by the sentencing guidelines and would
remand for resentencing. A minimum sentence in the middle
or the lower end of the range recommended by the sentencing
guidelines would be proportionate.

*Patrick W. Priest,* for the defendant on appeal.

Before: MURPHY, P.J., and MACKENZIE and GRIF-
FIN, JJ.

MACKENZIE, J. Following a jury trial, defendant
was convicted of involuntary manslaughter with a
motor vehicle, MCL 750.321; MSA 28.553, and was
sentenced to six to fifteen years' imprisonment.
She appeals as of right.

This case arises out of a fatal traffic accident
that occurred when defendant, driving her car at a
high rate of speed after drinking six beers, ran
four red lights and struck a vehicle driven by
Marion Pusley. Pusley died as a result of the
accident. Defendant testified that after drinking
the six beers, she drove to a park to find her
boyfriend. She and her boyfriend got into an argu-
ment, and she inadvertently backed her car into
his car, at which time he became angry, called her
"a bitch," and threatened to "kick her ass." Defen-
dant drove off with her boyfriend in pursuit. De-
fendant testified that her boyfriend had been vio-
lent toward her in the past and that she feared he
would carry out his threat to "kick her ass";
therefore, she fled at excessive rates of speed and
ignored traffic signals, causing Pusley's death.

Defendant first argues that there was insuffi-
cient evidence admitted at trial to support her
conviction of involuntary manslaughter with a
motor vehicle. We disagree.

In determining a question regarding the suffi-

ciency of evidence, we review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could conclude that the elements of the crime were proven beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508; 489 NW2d 748 (1992); *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1980). Involuntary manslaughter is established if the defendant acts in a grossly negligent, wanton, or reckless manner, causing the death of another. *People v Rettelle,* 173 Mich App 196; 433 NW2d 401 (1988); *People v Harris,* 159 Mich App 401; 406 NW2d 307 (1987). Gross negligence is required to sustain defendant's conviction. *People v Zak,* 184 Mich App 1; 457 NW2d 59 (1990). Having reviewed the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could find that defendant had been grossly negligent in failing to stop at four red traffic lights, thereby causing the collision that resulted in decedent's death. Defendant's argument that she feared for her own safety because she was being chased by her boyfriend in his vehicle is unpersuasive. As the trial judge stated:

[I]f you were in fear, you can always just stop at red lights. He has got to be in his car. If he does step out of his car, at least you could look both ways before you go through a red light. You don't have to go 50, 60 miles an hour endangering everybody. It takes some time to leave a vehicle, to close a car door and walk up to a car in front. Your car could be locked. You could look and drive on.

You could have gone to a police station or sheriff's department or pulled up and start honking a horn. There are many different ways you could have dealt with this, but instead you are driving at this very high rate of speed going through red light after red light at 45, 50, 55 miles

an hour—somewhere in those ranges—and endangering someone.

We find that a rational trier of fact could find that the elements of gross negligence were satisfied in this case and therefore decline to disturb the jury's verdict. See generally *In re Summerville,* 148 Mich App 334, 339; 384 NW2d 152 (1986).

Defendant next argues that she was denied the effective assistance of counsel because her attorney failed to introduce expert testimony regarding the "battered women's syndrome" to show that her actions were not grossly negligent, but rather the result of duress. Because defendant failed to request an evidentiary hearing concerning her claim of ineffective assistance of counsel, our review is limited to errors apparent on the record. *People v Wilson,* 196 Mich App 604, 612; 493 NW2d 471 (1992). The record in this case is clear that although defendant was being chased by her boyfriend, she was the one who drank six beers before confronting him, she was the one who backed her car into his car, and she was the one who elected to drive in excess of the speed limit and to run red lights rather than adopt any of the other options available to her. On the basis of the existing record, we do not find any error in counsel's trial strategy that prejudiced defendant's case. Defendant's claim of ineffective assistance of counsel fails on this record.

Defendant next argues that the trial court erred in refusing to instruct the jury concerning duress. We disagree. Duress is not a valid defense to homicide. *People v Dittis,* 157 Mich App 38, 41; 403 NW2d 94 (1987).

Because we have found no error requiring reversal as a result of defendant's individual claims, her argument that the cumulative effect of the alleged errors requires reversal is without merit.

Defendant next claims the trial court erred in scoring five points for offense variable 13 for psychological injury to the victim's fiancee. We disagree. The scoring of five points for offense variable 13 is proper where there is "[s]erious psychological injury to the victim or the victim's family necessitating professional treatment." "Victim" is defined as anyone who was placed in danger of injury or loss of life. Here, the decedent's fiancee was a passenger in the car decedent was driving, was injured and transported to the hospital after the accident, and later sought psychological counseling after having nightmares and sleeping difficulties. The decedent's fiancee was therefore a victim, and we find the scoring of five points for offense variable 13 appropriate.

Defendant's last argument is that her sentence of six to fifteen years' imprisonment is disproportionate. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). The minimum sentence range provided by the sentencing guidelines in this case was two to seven years. Being within the guidelines' range, defendant's sentence is presumptively proportionate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). Even though this was defendant's first offense, the fact that her actions needlessly cost the life of another human should not be disregarded. We find no abuse of discretion in the sentence imposed.

Affirmed.

MURPHY, P.J., concurred.

GRIFFIN, J. *(concurring in part and dissenting in part).* I concur in that portion of the majority's opinion that affirms defendant's conviction. However, I respectfully dissent with respect to the affirmance of defendant's sentence. I do not agree

that defendant's sentence of six to fifteen years for involuntary manslaughter with a motor vehicle is proportionate to the circumstances surrounding the offense and offender. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Accordingly, I would reverse defendant's sentence and remand for resentencing.

After a thorough review of the record,[1] I conclude that this is one of the exceptional cases envisioned by *Milbourn* where a sentence within the guidelines' range is nonetheless disproportionate to the offense and offender. *Id.* at 661. I begin by noting that the range given in the sentencing guidelines for the present case is unusually broad. The sentencing guidelines recommend a minimum sentence of anywhere between two and seven years. Defendant's six-year minimum sentence is therefore at the upper end of the very expansive range. Although I dissented in *People v Benson,* 200 Mich App 598; 504 NW2d 911 (1993), I agree with the following observation contained in the majority's opinion:

> "[T]he wider the [sentencing guidelines] range, the less reliable the guidelines are as a barometer [of sentence proportionality]." [*Id.* at 605.]

### OFFENDER

Defendant is not a career criminal. On the contrary, she is a working mother and the sole provider for her ten-year-old son. Her prior "record" consists of two tickets for traffic accidents. The presentence report describes defendant's favorable attributes:

---

[1] Once again, our task of review is made more difficult by the failure of the Muskegon County Prosecutor to file a brief or otherwise defend this appeal.

Dorothy Jane Moseller is a 35-year-old native of Muskegon, Michigan. She has many positive factors in her background, including a stable upbringing and the continuing support of family. She possesses a GED and maintains an employment history. This is also the defendant's first criminal offense.

\* \* \*

The prognosis for Ms. Moseller's treatment both while incarcerated and upon her release to the community is good.

### OFFENSE

Defendant stands convicted of involuntary manslaughter for a traffic accident death involving a motor vehicle. Defendant's conduct was negligent and reckless. Further, defendant admits having consumed five beers before the accident. Her blood alcohol level was 0.15 percent.

Although defendant acted negligently and recklessly, she did not intend to injure or kill. There was no plea bargain. Defendant was convicted of the most serious offense for which she could be charged.

At the time of the accident, defendant's boyfriend was chasing defendant in another automobile. Defendant's boyfriend had beaten her in the past and had threatened her with bodily harm immediately before the accident. Defendant legitimately feared for her own safety at the time of the accident. The high-speed chase and resulting automobile accident occurred, in part, because of defendant's reasonable fear of her boyfriend and her need to flee from him. Although defendant's motivation does not excuse her conduct, the reasons for her negligence and recklessness must be consid-

ered and weighed in imposing a proportionate sentence.

In the present case, the mitigating circumstances relating to both the offense and offender are not adequately accounted for in the sentencing guidelines. After considering all of the mitigating factors, I conclude that a proportionate sentence for this case would be in the middle or the lower end of the range of the two to seven years given in the sentencing guidelines. I find defendant's six-year minimum sentence to be disproportionately severe and, therefore, invalid. *Milbourn, supra.* Accordingly, I would reverse and remand for resentencing.