# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DONALD NELSON II,

      Defendant-Appellant.

UNPUBLISHED
December 27, 2016

No. 332115
Chippewa Circuit Court
LC No. 15-013895-AR

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARY JOANNA PLIS,

      Defendant-Appellant.

No. 332116
Chippewa Circuit Court
LC No. 15-013896-AR

Before: MARKEY, P.J., and MURPHY and KRAUSE, JJ.

MARKEY, P.J. (*dissenting*).

I respectfully disagree with the majority because I will not substitute my judgment for that of the magistrate. See *People v Doss*, 406 Mich 90, 101; 276 NW2d 9 (1979), citing *People v Dellabonda*, 265 Mich 486, 491; 251 NW 594 (1933). I conclude that the record of the preliminary examination in this case does not demonstrate that the magistrate clearly abused its discretion, *id*., when it discharged defendants Donald Nelson II and Mary Joanna Plis from the accusation of involuntary manslaughter, MCL 750.321, in connection with the death of Plis's 2½-year-old son. I would therefore reverse the circuit court and affirm the district court.

Throughout its history Michigan has had the same two basic requirements to hold an accused for trial in the circuit court for an offense not cognizable in the district court. See *People v Yost*, 468 Mich 122, 125-126; 659 NW2d 604 (2003) ("[T]he preliminary examination has a dual function, i.e., to determine whether a felony was committed and whether there is probable cause to believe the defendant committed it."); *Yaner v People,* 34 Mich 286, 288-289 (1876) ("[I]t is only when it shall appear from such examination that an offense not cognizable

by a justice of the peace has been committed, and that there is probable cause to believe the prisoner guilty thereof, that he can be held for trial."). The current iteration of the statute concerning binding an accused over to circuit court expresses these two requirements in its first sentence:

> If the magistrate determines at the conclusion of the preliminary examination that a felony has not been committed or that there is not probable cause for charging the defendant with committing a felony, the magistrate shall either discharge the defendant or reduce the charge to an offense that is not a felony. . . . [MCL 766.13.]

Although it is often stated that the magistrate must find "probable cause" to believe that a crime has occurred, see MCR 6.110(E) & (F), the statutory probable cause requirement relates to whether there is reason to believe the accused has committed the crime the magistrate determines has occurred. See *People v Paille*, 383 Mich 621, 628; 178 NW2d 465 (1970) ("The magistrate was aware that in the light of our decisions, defendants should not be bound over for trial if the people merely proved that there was 'probable cause' to believe that the crime . . . charged in the warrant had been established."); see also *Doss*, 406 Mich at 100-101, citing *People v Asta*, 337 Mich 590, 609-610; 60 NW2d 472 (1953), and *People v Oster*, 67 Mich App 490, 495; 241 NW2d 260 (1976). Still, at the preliminary examination, evidence sufficient to prove the accused guilty beyond a reasonable doubt of the crime charged is not required for a bindover. See *Yost*, 468 Mich at 126 ("At the examination, evidence from which at least an inference may be drawn establishing the elements of the crime charged must be presented."); *Doss*, 406 Mich at 100 ("The object of a preliminary examination is not to prove guilt or innocence beyond a reasonable doubt, nor should a magistrate discharge a defendant when evidence conflicts or raises reasonable doubt of his guilt; such questions should be left for the jury upon the trial."); *Yaner,* 34 Mich at 289 (The magistrate need not "nicely weigh evidence as a petit jury would, or . . . discharge the accused where there is a conflict of evidence, or where there is a reasonable doubt as to his guilt; all such questions should be left for the jury upon the trial.").

In this case, defendants were charged with involuntary manslaughter, MCL 750.321, an offense found within Chapter XLV of Michigan's Penal Code addressing homicide. Homicide is one of four categories by which human deaths are classified, the others being natural, accidental, and suicide. See *Brown v People*, 17 Mich 429, 433 (1868); *People v Yost*, 278 Mich App 341, 395; 749 NW2d 753 (2008). "Homicide is the killing of a human being by a human being. It may, or may not, be felonious. If felonious, it is either murder or manslaughter, dependent upon the facts and circumstances surrounding the killing." *People v Austin*, 221 Mich 635, 644; 192 NW 590 (1923); see also *People v Cambell*, 124 Mich App 333, 338; 335 NW2d 27 (1983). When a person is charged with a homicide, "it is both the right and the duty of the prosecution to give evidence of all those surrounding facts and circumstances which have any bearing upon the manner of the death, and any tendency to show whether it was natural, accidental, or felonious[.]" *Brown*, 17 Mich at 433.

A magistrate's decision on whether there is sufficient evidence to determine that the crime charged has been committed and probable cause to believe the accused committed the charged crime is reviewed for a clear abuse of discretion. *Doss*, 406 Mich at 101. An abuse of discretion occurs when a court makes a decision that "falls outside the range of reasonable and

principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012). When this Court reviews the magistrate's decision, we accord no deference to the circuit court's decision regarding the magistrate's bindover decision. *People v Harlan*, 258 Mich App 137, 145; 669 NW2d 872 (2003). This Court essentially sits in the same position as the circuit court when determining whether the magistrate's bindover decision was an abuse of discretion. *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000). "The magistrate has the duty to pass judgment on the credibility of witnesses as well as the weight and competency of the evidence," *People v Crippen*, 242 Mich App 278, 282; 617 NW2d 760 (2000), and the reviewing court may not substitute its judgment for that of magistrate absent a clear abuse of discretion. *Doss*, 406 Mich at 101; see also *Yost*, 468 Mich at 131-133 (holding that the magistrate abused its discretion rejecting expert testimony and not binding the defendant over to circuit court).

In this case, the magistrate dismissed the charges against both defendants after concluding that there was insufficient evidence to find that a crime had been committed. On appeal by the prosecutor, the circuit court disagreed, concluding that there was "ample evidence to establish probable cause" that the child had died as the result of criminal activity, and also probable cause to believe that defendants had committed the crime. Accordingly, the circuit court ruled that the district court had abused its discretion by "ignoring the evidence," and it remanded the case to the district court for further proceedings.

As noted already, at the preliminary examination, the prosecutor must present evidence from which at least an inference may be drawn establishing each element of the crime charged. *Yost*, 468 Mich at 126; Doss, 406 Mich 101. Thus, in *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009), the Court wrote concerning the preliminary examination:

> To establish that a crime has been committed, a prosecutor need not prove each element beyond a reasonable doubt, but must present some evidence of each element. Circumstantial evidence and reasonable inferences from the evidence can be sufficient. If the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for trial, where the questions can be resolved by the trier of fact. [Citations omitted.]

To prove a charge of involuntary manslaughter, MCL 750.321, the prosecution must establish that the defendant acted "in a grossly negligent, wanton, or reckless manner, causing the death of another." *People v Moseler*, 202 Mich App 296, 298; 508 NW2d 192 (1993). This requires a showing that (1) defendant knew of a situation that required the use of ordinary care and diligence to avoid injuring someone, (2) defendant would have been able to avoid the harm that resulted by using, and (3) defendant failed to use the ordinary care and diligence to avoid the threatened harm when to the ordinary mind it must be apparent that the disastrous result would be likely. *People v Albers*, 258 Mich App 578, 582; 672 NW2d 336 (2003).

I conclude that the magistrate did not clearly abuse its discretion by dismissing the charges against defendants. Even assuming that the prosecution's theory that Ethan had died from suffocation as the result of defendants' conduct was correct, there was no evidence to indicate that either defendant knew that wrapping a child in blankets on a soft couch could result in the child's death. Although it was the current practice of the Chippewa County CPS to teach caregivers to put babies to sleep on their backs without blankets, pillows, or other soft items,

testimony indicated that this "safe sleep" policy had been instituted within the last five years, and applied only to children less than one year old. In this case, there was no evidence that either defendant had received this information, and even if they had, it would not have applied to Plis's child, who was 2½ years old. Indeed, there is no evidence at all that Ethan's death was anything more than a tragic accident.

Unlike the situation presented in *Albers*, which involved a parent who repeatedly allowed a six-year-old child access to matches and cigarette lighters, *id.* at 581-582, the dangers of blankets and soft couches are not something a parent should intuitively know, as demonstrated by the fact that CPS finds it necessary to instruct against their use. Without such instruction, I believe it would not be apparent to the ordinary mind that placing a blanket-wrapped 2½-year-old child on a soft couch would "likely to prove disastrous[.]" *Id.* at 582. Because there was no evidence that defendants knew or should have known that the manner in which they put the child to sleep could have resulted in his death, the prosecution failed to establish that defendants acted "in a grossly negligent, wanton, or reckless manner," *Moseler*, 202 Mich App at 298, and the magistrate did not clearly abuse its discretion by determining that the evidence was insufficient to determine the crime of manslaughter occurred or in finding that probable cause did not exist to believe that defendants committed that crime. *Doss*, 406 Mich at 101; *Waterstone*, 296 Mich App at 131.

Moreover, unlike the circumstances in *Yost*, 468 Mich at 129, where the prosecution's forensic pathologist testified that he "concluded that a crime, homicide, had taken place," and the magistrate abused its discretion by rejecting this testimony, *id.* at 129-130, 133, in this case, the magistrate accepted the testimony of the prosecution's expert witness, a forensic pathologist with twenty-plus years of experience. Dr. David Start testified that, in his opinion, "the cause of death was indeterminate or undetermined cause of death as was the manner of death." Further, when asked about the prosecution's "swaddling" theory, Dr. Start could only say that it "*may* be a factor in the death yes." (Emphasis added). Finally, Dr. Start corroborated that positional asphyxiation, which "safe sleep" programs are designed to prevent, was most common in younger infants less than six months old and that such deaths of children two to three years old "would be less common." Again, this testimony does not support finding that defendants knew or should have known their actions or inactions in this case would create a danger that is likely to prove disastrous to another. *Albers*, 258 Mich App at 582. In my opinion, therefore, the record supports the magistrate's decision that there is insufficient evidence to determine that the crime charged was committed. The prosecutor did not present evidence from which at least an inference may be drawn establishing each element of the crime charged. *Yost*, 468 Mich at 126; Doss, 406 Mich 101. I conclude that the magistrate most certainly did not clearly abuse its discretion by finding that the evidence was insufficient to determine the crime of manslaughter occurred or finding that probable cause was lacking to believe that defendants committed that crime. *Doss*, 406 Mich at 101; *Waterstone*, 296 Mich App at 131.

I would reverse the circuit court and affirm the district court's order dismissing the criminal charges against defendants.

/s/ Jane E. Markey