# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CHRISTOPHER LAWRENCE TULL,

      Defendant-Appellant.

UNPUBLISHED
October 15, 2015

No. 321815
Macomb Circuit Court
LC No. 94-002418-FC

Before: BORRELLO, P.J., and JANSEN and OWENS, JJ.

PER CURIAM.

Defendant, Christopher Tull, appeals as of right his 1995 jury trial conviction of felony murder, MCL 750.316(b), predicated on kidnapping, MCL 750.349, for which he was sentenced to life without parole. We affirm.

Defendant was tried separately from his codefendant, Matthew Alder. The prosecution's theory was that defendant aided and abetted Alder in kidnapping the victim, while Alder killed the victim and subsequently burned her body. The victim met Alder and defendant at a bar in Roseville in September 1994, and the three of them went to the home where Alder lived. Alder forced the victim to perform sexual acts. Defendant and Alder took the victim out to defendant's truck and Alder killed her by either strangulation or suffocation. Her body was taken to an abandoned garage in Detroit, where Alder burned the body.

The defense theory was that defendant had nothing to do with the victim's death, but that he was merely present when Alder committed the offense. Defense counsel argued that, at most, defendant was guilty of being an accessory after the fact. The defense called two prison inmates who testified that Alder admitted that he killed the victim and that defendant had nothing to do with the murder. Defendant was acquitted of premeditated murder and convicted of felony murder.

Following his conviction in 1995, defendant filed a claim of appeal with this Court, which was dismissed on jurisdictional grounds. *People v Tull*, unpublished order of the Court of Appeals, entered December 5, 1996 (Docket No. 194361). Afterwards, defendant continued to attempt to appeal his conviction through post-judgment proceedings. In 2013, this Court denied defendant's delayed application for leave to appeal an order entered by the trial court, which denied defendant's motion for reissuance of his judgment of sentence. *People v Tull*, unpublished order of the Court of Appeals, entered May 24, 2013 (Docket No. 311876). The

-1-

Supreme Court, however, in lieu of granting leave to appeal, remanded the case to Macomb Circuit Court to reissue the judgment of sentence so that defendant could pursue his appeal as of right. *People v Tull*, 495 Mich 945; 843 NW2d 496 (2014). The Supreme Court held that defendant was deprived of the effective assistance of counsel when his trial counsel did not follow through by filing the necessary paperwork to begin the appellate process in 1995, which prevented defendant from perfecting his appeal of right at that time. *Id.* The trial court reissued the judgment of sentence in May 2014, and defendant is now appealing his conviction for the first time.

On appeal, defendant first argues his trial counsel was ineffective for failing to object to various errors in the jury instructions read by the trial court. "The denial of effective assistance of counsel is a mixed question of fact and constitutional law, which are reviewed, respectively, for clear error and de novo." *People v Brown*, 279 Mich App 116, 140; 755 NW2d 664 (2008).

Criminal defendants have a right to the effective assistance of counsel under the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. However, effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). To establish that a defendant's trial counsel was ineffective, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); see also *Vaughn*, 491 Mich at 669. Defendant must also overcome the strong presumption that counsel's performance constituted sound trial strategy. *People v Dixon*, 263 Mich App 393, 396; 688 NW2d 308 (2004).

Although defendant does not challenge the jury instructions directly, it is necessary to review the propriety of the jury instructions because counsel's failure to object to the instructions forms the basis of defendant's claim of ineffective assistance of counsel.

"A criminal defendant has a constitutional right to have a jury determine his or her guilt from its consideration of every essential element of the charged offense." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). However, instructional errors that misinform the jury of an offense's elements will not be grounds for reversal "if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." *Id.* at 501-502. Jury instructions must be viewed in their entirety to determine whether any error occurred. *Id.* at 501.

First, defendant argues that trial counsel was ineffective for failing to object to the second-degree murder instruction. Both parties recognize that the trial court verbally misinformed the jury of the elements of second-degree murder. Rather than instructing the jury on second-degree murder, the trial court actually instructed the jury on first-degree felony murder.

Under existing law at the time of defendant's trial, in first-degree murder cases, the trial court was automatically required to instruct the jury on the necessarily included lesser offense of second-degree murder, even if the instruction was not requested or was objected to. *People v Jenkins*, 395 Mich 440; 236 NW2d 503 (1975), overruled by *People v Cornell*, 466 Mich 335;

646 NW2d 127 (2002).[1]  See also *People v Carter*, 395 Mich 434, 438; 236 NW2d 500 (1975) (stating that "second-degree murder is first-degree murder *minus* premeditation or the enumerated felony").  By instructing the jury on first-degree felony murder instead of second-degree murder, the trial court, in effect, did not instruct the jury on the necessarily included lesser offense of second-degree murder, as it was required to do.  Therefore, trial counsel should have objected to this instruction, and because he did not, his performance fell below an objective standard of reasonableness under prevailing professional norms.

Defendant, however, cannot show that but for trial counsel's failure to object to the second-degree murder instruction, there is a reasonable probability the verdict would have been different.  The instructions, as a whole, fairly presented the issues to be tried and adequately protected the defendant's rights.  The jury was instructed that they could consider the lesser offense of second-degree murder.  The record also indicates that jury requested and was provided with a written copy of the instructions, including the correct second-degree murder instruction, which was sufficient to cure any potential prejudice.  Further, the verdict form stated that the jury may only return one verdict and provided the options of (1) not guilty, (2) guilty of first-degree premeditated murder, (3) guilty of first-degree felony murder, (4) guilty of both first-degree premeditated murder and first-degree felony murder, (5) guilty of the lesser offense of second-degree murder, or (6) guilty of the lesser offense of accessory after the fact.  Finally, this Court has held that where an instruction adds an element to a charged offense, this places an additional burden on the prosecution, which does not result in prejudice to the defendant.  *People v Byrd*, 133 Mich App 767, 774-775; 350 NW2d 802 (1984).

Defendant also argues that trial counsel was ineffective for failing to object to the trial court's deliberation instructions, which are as follows:

> In this case, there are several different crimes that you may consider. When you discuss the case, you must consider the crime of first degree premeditated murder and first degree felony murder first.

> If you all agree that the Defendant is guilty of that crime, you may stop your discussion and return your verdict.

> If you believe the Defendant is not guilty of first degree premeditated murder or first degree felony murder or if you cannot agree about that crime, you should consider the less serious crime of second degree murder and accessory after the fact.

---

[1] *Cornell* held that a requested instruction on a necessarily included lesser offense must be supported by the evidence; therefore, an instruction on second-degree murder, as a necessarily included lesser offense of first-degree murder, is no longer automatically required.  *Cornell*, 466 Mich at 358 n 13.  However, its ruling had limited retroactive effect, and only applied to those cases pending on appeal in which the issue had been raised and preserved.  *Id.* at 367.

You decide how long to spend on first degree premeditated murder or first degree felony murder before discussing second degree murder or accessory after the fact.

You can go back to first degree premeditated murder or first degree felony murder after discussing second degree murder if you want to.

Because in the last line the trial court failed to instruct the jury that it could go back to first-degree murder after discussing *both* second-degree murder and accessory after the fact, defendant argues that the instruction removed the charge of accessory after the fact from the jury's consideration.

With the exception of the last line, the deliberation instructions comported with M Crim JI 3.11, which our Supreme Court has said "is a sound instruction" and should be given. *People v Pollick*, 448 Mich 376, 386; 531 NW2d 159 (1995). Failing to mention accessory after the fact in the last line did not preclude the jury from considering the charge of accessory after the fact, and did not have a coercive potential that would require reversal. See *id.* (noting that deliberation instructions that have an undue tendency of coercion will require reversal). Accordingly, trial counsel was not ineffective for failing to object. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Moreover, even if the omission was error and trial counsel should have objected, in light of the overall instructions defendant is unable to establish prejudice. The instruction is permissive and does not require the jury to deliberate in the way instructed. It simply told the jury that once they consider the lesser offense, they are allowed to go back and discuss the more serious offense. The jury was earlier instructed that it could consider the charge of accessory after the fact, and provided the necessary elements. The trial court also instructed the jury on the differences between aiding and abetting and accessory after the fact. As noted earlier, the verdict form also indicated that the jury could find defendant guilty of one of the lesser-included offenses of second-degree murder and accessory after the fact. Because the jury instructions fairly presented the issues to be tried and adequately protected the defendant's rights, defendant is unable to show that there is a reasonable probability that but for counsel's error the verdict would have been different.

Defendant next argues that trial counsel was ineffective for failing to object to the trial court's overall instructions because they emphasized the first-degree murder charge. Defendant specifically notes that the term "first-degree murder" was used excessively and argues that it was unnecessary to mention first-degree murder when instructing the jury on accessory after the fact, aiding and abetting, state of mind, order of deliberation, and unanimity of the verdict. This assertion, however, is without merit. To the extent that the trial court mentioned the term "first-degree murder" when giving these instructions, it was part of the model criminal jury instructions of which the trial court read. Further, defendant has not explained how any of the instructions given were unnecessary or how they were unsupported by the evidence. Rather, the record shows that all of the instructions, with the exception of those discussed earlier, comported with the model criminal jury instructions and fairly presented the issues to be tried, while

adequately protecting defendant's rights. Therefore, trial counsel was not ineffective for failing to object to the instructions in their entirety.

Defendant further argues that trial counsel was ineffective for failing to object to the trial court's kidnapping instruction, which he argues constructively amended the information. At the time of defendant's trial, the kidnapping statute, MCL 750.349, read,

> Any person who wilfully, maliciously and without lawful authority shall forcibly or secretly confine or imprison any other person within this state against his will, or shall forcibly carry or send such person out of this state, or shall forcibly seize or confine, or shall inveigle or kidnap any other person with intent to extort money or other valuable thing thereby or with intent either to cause such person to be secretly confined or imprisoned in this state against his will, or in any way held to service against his will, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years.

Defendant was charged with "forcible confinement with intent to secretly confine" kidnapping under the statute, which requires proof of specific intent to secretly confine. *People v Jaffray*, 445 Mich 287, 298-299; 519 NW2d 108 (1994). This charge, however, was dismissed before trial. Defendant was also charged with felony murder, based on kidnapping, but the information did not specify a type. At the close of proofs, the trial court instructed the jury on M Crim JI 19.2, the instruction given when kidnapping is the underlying offense of felony murder. This instruction coincides with forcible-confinement kidnapping under the statute and does not require a showing of specific intent. *People v Wesley*, 421 Mich 375, 388; 365 NW 2d 692 (1984).

Defendant argues that because he was originally charged with "forcible confinement with intent to secretly confine" kidnapping, this had to be the type of kidnapping that established the predicate offense of kidnapping for felony murder, even though the kidnapping charge was dismissed before trial. Therefore, because the trial court instructed the jury on forcible-confinement kidnapping that only requires a showing of general intent, the instruction constructively amended the information and defendant lacked notice of the charges against him.

It is well settled, however, that kidnapping is a single offense and the various conduct listed in MCL 750.349 constitute alternative means of proving a single offense. *Jaffray*, 445 Mich at 296-297. The alternative means do not support convictions of separate and distinct kidnapping offenses, so the need to delineate which theory forms the basis for the charge is not necessary. See *People v Bergevin*, 406 Mich 307, 311-312; 279 NW2d 528 (1979) (noting that at trial the prosecutor is free to argue all the alternative bases for kidnapping when supported by the evidence). Even jury unanimity is not required with alternative theories of kidnapping. *People v Gadomski*, 232 Mich App 24, 31; 592 NW2d 75 (1998). Therefore, by being charged with felony murder, with kidnapping as the predicate felony, defendant is put on notice of the nature of the charge against him and that the prosecutor is free to argue any of the alternative theories listed in the statute. See *People v Adams*, 389 Mich 222, 243-244; 205 NW2d 415 (1973). Stated another way, if defendant was found not guilty of kidnapping based on one theory, he could not be charged with kidnapping again based on another theory. *Id.* at 244.

Accordingly, the kidnapping instruction did not constructively amend the information, and therefore, trial counsel was not ineffective for failing to object to it.

In his supplemental brief, filed pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4, defendant also argues that trial counsel was ineffective for failing to raise the defense of duress. First, "it is well established that duress is not a defense to homicide." *People v Henderson*, 306 Mich App 1, 5, 854 NW2d 234, 238 (2014) (citations omitted). "The rationale underlying the common law rule is that one cannot submit to coercion to take the life of a third person, but should risk or sacrifice his own life instead." *People v Dittis*, 157 Mich App 38, 41; 403 NW2d 94 (1987). In *Henderson*, this Court applied the rationale in *Dittis* to hold that duress is also not a defense to aiding and abetting murder. *Henderson*, 306 Mich App at 5-6.

Defendant, however, argues that duress was available as a defense to the predicate offense of kidnapping.[2] To allow defendant to assert the defense of duress for the predicate felony of felony murder is seemingly contradictory to the rationale that "one cannot submit to coercion to take the life of a third person, but should risk or sacrifice his own life instead." *Dittis*, 157 Mich App at 41. Nevertheless, if duress was an available defense to kidnapping, defendant has failed to carry his burden to produce evidence of the essential elements of the defense, which include the following:

A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;

B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;

C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and

D) The defendant committed the act to avoid the threatened harm. [*People v Lemons*, 454 Mich 234, 246-247; 562 NW2d 447, 453 (1997).]

The threat must be "present, imminent, and impending." *Id.* (internal quotation marks and citation omitted). Defendant claims on appeal that he was not a willing participant in the kidnapping, but that Alder, a former United States Marine, threatened him with a knife if he did not do as directed, and defendant feared for his life. Defendant, however, has not shown how this alleged threat by Alder "was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm," *id.* at 247, particularly where the evidence indicates that

---

[2] Defendant cites *People v Rolston*, 51 Mich App 146; 214 NW2d 894 (1974), to support this assertion, where this Court reversed a kidnapping conviction on grounds of double jeopardy and collateral estoppel, where the defendant had been acquitted of a previous murder charge arising out of the same criminal transaction based on the defense of duress. However, that case did not involve a felony murder charge predicated on kidnapping, and since that opinion, it has been well established that duress is no longer a defense to homicide.

defendant willingly drove Alder and the victim from the bar to the residence where Alder lived, followed Alder into the bedroom while he forced the victim to perform oral sex, stayed in the bedroom with the victim while Alder went to retrieve a paper bag, and appeared to be in a happy mood while filling gasoline containers that were used to the burn the victim's body. Defendant claims that he would have testified at trial regarding the duress he was under and that he provided trial counsel with a list of witnesses who would have attested to his good character. Defendant, however, does not provide that list on appeal. Further, defendant made it clear at trial that he did not wish to testify. Accordingly, defendant has not shown that his trial counsel was ineffective for failing to raise duress as a defense to the charges in this case.

Finally, defendant argues in his Standard 4 brief that there was insufficient evidence to prove that he kidnapped the victim beyond a reasonable doubt, and therefore, the trial court erred by denying his motion for a directed verdict for first-degree felony murder, predicated on kidnapping. We review the record de novo "to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Aldrich*, 246 Mich App 101, 122-123; 631 NW2d 67 (2001).

Specifically, defendant argues that he was charged with secret-confinement kidnapping as the predicate felony for felony murder, and therefore, there was insufficient evidence of secrecy.[3] However, as discussed earlier, the prosecution was free to argue the alternative theories of kidnapping at trial, and in this case, the prosecution proceeded to trial on forcible-confinement kidnapping, which requires proof beyond a reasonable doubt that defendant willfully, maliciously, and without lawful authority, forcibly seized or kidnapped the victim against her will. *Wesley*, 421 Mich at 388. While this generally requires "an asportation of the victim which is not merely incidental to an underlying crime," this is not the case when the crime involves murder. *Id.* Asportation incidental to murder is sufficient asportation for a kidnapping conviction. *Id.*

The evidence shows that Alder's neighbor overheard defendant, who was with Alder at the time, arguing on the phone earlier that evening with someone and being insistent that he was going to go out that evening. Defendant drove Alder and the victim from the bar to the residence where Alder lived. Alan Klakulak, a long-time mutual friend of the homeowner and Alder, was sleeping on the couch and saw defendant follow Alder as Alder pulled the victim into the bedroom, despite her telling him "no, no, no." Klakulak testified that defendant remained in the room, while Alder told the victim to perform oral sex or he would bash her head in. Defendant stayed in the room with the victim while Alder went to the garage and came back with a paper bag. The bag was then placed over the victim's head and Alder and defendant escorted her out of the house. The three of them left in defendant's vehicle. Two men matching the descriptions of defendant and Alder were subsequently seen filling gas containers at a gas station down the road from the residence and both appeared to be in a "very happy, talkative" mood. Viewing this evidence in a light most favorable to the prosecution, the jury could reasonably conclude that

---

[3] Defendant does not challenge the evidence with regard to the other elements of felony murder.

defendant willfully, maliciously, and without lawful authority, forcibly confined the victim against her will. Therefore, the trial court did not err by denying defendant's motion for a directed verdict.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Donald S. Owens