THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. PETER CHURCHILL, PLAINTIFF IN ERROR.

Submitted May 25, 1928—Decided October 15, 1928.

For the plaintiff in error, *Joseph W. Henry* (*Maurice J. Cronin,* of counsel).

For the defendant in error, *J. Vincent Barnitt,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. Four defendants were indicted by the grand jury of Passaic county for robbery. Three of them pleaded *non vult;* one, Peter Churchill, the plaintiff in error, went to trial and was convicted. The judgment entered upon that conviction was affirmed by the Supreme Court, and we think quite rightly.

The Supreme Court properly held that the verdict was not against the weight of the evidence and that there was no error in the charge of the court.

We should be inclined to affirm without more, were it not for the fact that there is an instruction assigned as error, and strenuously argued, which was not specifically noticed by the Supreme Court in the opinion.

The situation at the trial was this: The state's evidence tended to show, among other things, that the robbery was a "hold up" of a saloon in Paterson by a gang of armed bandits, in a big open Packard car driven by the defendant Churchill. He took them aboard, drove past the saloon "a block or two," turned around and stopped in front of it while his companions, with pistols in their hands, entered and robbed the people in the saloon. He waited there at the wheel, with the motor running, until his companions ran out, and then dashed off with them at top speed, until they were supposedly in a safe place, when he stopped and they left the car, after having arranged with defendant Churchill for a division of the plunder. Churchill was afterwards apprehended in Philadelphia. To meet that and other incriminating evidence, he testified, in effect, that he knew nothing of the plan to rob the place, and that after the "hold-up" he was forced to drive the car away by one of the bandits who placed a pistol to his back.

In this posture of the evidence the trial judge, after telling

the jury that "in misdemeanors all who aid, abet or participate are principals, and are equally guilty," then gave the instruction complained of, and it was this: "If one would escape the penalty, he must cease to act in complicity with those who seek to defy the laws of the land as soon as he has knowledge of the criminal character of their actions."

That instruction was sound in law (*Engeman* v. *State*, 54 *N. J. L.* 247), and was pertinent to the case by reason of the testimony of the defendant that he had no knowledge of the criminal character of the plan of his associates until after the "hold-up" had been committed, when he was forced to drive them away under a threat of death.

The defendant, however, further contends that even if the charge in question was sound, it should have been qualified by an instruction on duress.

But a conclusive answer to this contention is that if the defendant conceived that an instruction upon duress was proper, he should have requested it, and that he did not do; although he submitted numerous requests to charge in no one of which was duress even suggested. The rule is that the omission of a trial judge to instruct a jury on a particular point will not lead to a reversal unless such instruction be specially requested. *Daggett* v. *North Jersey Street Railway Co.*, 75 *N. J. L.* 630; *State* v. *Dichter*, 95 *Id.* 203.

We are not to be understood as determining that duress is a legal defense to an indictment for crime. We are not called upon to decide that question in the present case. We point out, however, that Mr. Justice Parker, speaking for this court in *State* v. *Palmieri*, 93 *N. J. L.* 195, directs attention to the fact that even in those jurisdictions where duress is recognized as a defense, the rule is substantially uniform that the compulsion which will excuse a criminal act must be present, imminent and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done. We further point out that in the present case it is certain that such a condition did not exist. There can be no doubt from the evidence that the defendant knew of the unlawful purpose of his fellow-bandits when,

after argument as to which should do it, they, with pistols in their hands, left the car and entered the saloon. If the defendant had been unwilling to "act in complicity" with them his time to quit was then instead of waiting at the wheel for twenty minutes with the motor running while the others were inside.

The judgment will be affirmed.

*For affirmance*—TRENCHARD, PARKER, MINTURN, KALISCH, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.