STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH DISSICINI, JR., DEFENDANT-APPELLANT.

Argued January 21, 1975—Decided February 4, 1975.

Mr. *Edward J. Dimon, Jr.* argued the cause for appellant (*Stanley C. Van Ness,* Public Defender, attorney.)

Mr. *William Welaj,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney.)

PER CURIAM. The judgment is affirmed substantially for the reasons expressed by the Appellate Division.

PASHMAN, J. (concurring). While I concur with my colleagues that defendant's second degree murder conviction must be affirmed in this extraordinary case,[1] I wish to make it clear that I do so because my examination of the record convinces me that defendant was not in fact coerced into participating in the brutal slaying of the victim.

Because, in my view, the evidence does not sustain defendant's contention that he acted from coercion under any formulation of the defense of duress, I do not reach the issue of whether the defense is available in this State either in the criminal context generally, or specifically as a defense to a charge of murder. Although I am cognizant of the uncertainty surrounding this aspect of our law, see *State v. Churchill,* 105 *N. J. L.* 123 (E. & A. 1928) ; *State v. Palmieri,* 93 *N. J. L.* 195 (E. & A. 1919), the circumstances of this case do not provide an appropriate factual framework for resolution of the difficult question of whether the defense of duress is available in murder cases or other criminal prosecutions, and if so, which of the several alternative expressions of the defense should be adopted as the law of this State.[2]

---

[1]Writing for the Appellate Division, Judge Meanor appropriately described the events of the night of January 7–8, 1971 as an "assassination" of the deceased. *State v. Dissicini,* 126 *N. J. Super.* 565, 567 (App. Div. 1974).

[2]At common law the defense of duress is not available to excuse the taking of an innocent person's life, *Arp. v. State,* 97 *Ala.* 5, 12 *So.*

Justice CLIFFORD has authorized me to state that he joins in this concurrence.

PASHMAN and CLIFFORD, JJ., concur in the result.

---

301 (1893) ; *State v. Weston,* 109 *Or.* 19, 219 *P.* 180 (1923) ; *State v. Nargashian,* 26 *R. I.* 299, 58 *A.* 953 (1904). *See also Perkins, Criminal Law,* 951 (2 ed. 1969) ; Annotation, "Coercion, compulsion, or duress as defense to criminal prosecution," 40 *A. L. R.* 2d 908, 909 (1955). In relation to other crimes, however, the defense at common law is generally formulated as follows:

Coercion which will excuse the commission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. [*Shannon v. United States,* 76 *F.* 2d 490, 493 (10 Cir. 1935)].

*See also R. I. Recreation Center v. Aetna Casualty & Surety Co.,* 177 *F.* 2d 603, 605 (1 Cir. 1949) ; Annotation, *supra* at 910 and cases cited therein.

The Model Penal Code, on the other hand, establishes a less restrictive formulation of the defense and does not distinguish murder prosecutions for purposes of the availabilty of the defense:

(1) It is an affirmative defense that the actor engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of, or a threat to use, unlawful force against his person or the person of another, which a person of reasonable firmness in his situation would have been unable to resist.

(2) The defense provided by this Section is unavailable if the actor recklessly placed himself in a situation in which it was probable that he would be subjected to duress. The defense is also unavailable if he was negligent in placing himself in such a situation, whenever negligence suffices to establish culpability for the offense charged.

[*Model Penal Code,* § 2.09(1), (2) (1962)].

Finally, the Proposed New Jersey Penal Code recommends a third alternative to the problem of duress. Although the degree of coercion necessary to implicate the defense is the same as the Model Penal Code formulation, the Proposed New Jersey Penal Code adopts an intermediate position in the murder context by providing that duress will only reduce the crime to manslaughter:

a. Subject to Subsection b of this Section, it is an affirmative defense that the actor engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of, or a threat to use, unlawful force against his person or the person of another, which a person of reasonable firmness in his situation would have been unable to resist.

*For affirmance*—Chief Justice HUGHES, Justice JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge KOLOVSKY—7.

*For reversal*—None.

---

b. The defense provided by this Section is unavailable if the actor recklessly placed himself in a situation in which it was probable that he would be subjected to duress. The defense is also unavailable if he was criminally negligent in placing himself in such a situation, whenever criminal negligence suffices to establish culpability for the offense charged. *In a prosecution for murder, the defense is only available to reduce the degree of the crime to manslaughter.*

[*Proposed New Jersey Penal Code*, § 2C:2–9a, b (1971); emphasis supplied].