PEOPLE v DITTIS

Docket No. 84929. Submitted May 7, 1986, at Grand Rapids. Decided
January 5, 1987. Leave to appeal applied for.

William W. Dittis was convicted of first-degree murder by a jury
in Calhoun Circuit Court and was sentenced to life imprison-
ment, James C. Kingsley, J. Defendant appealed.

The Court of Appeals held:

1. The trial court erroneously instructed the jury on duress
as a defense. Duress is not a defense to homicide. The trial
court's error was harmless, however, because the jury found
the defendant guilty of first-degree murder.

2. The trial court acted correctly in not instructing the jury
on involuntary manslaughter. There was no request made for a
jury instruction on involuntary manslaughter and no objection
was made to the instructions given.

3. Defendant is entitled to credit on his sentence for time
served in jail prior to sentencing. The matter is remanded to
the trial court so that it may file a corrected judgment of
sentence.

Affirmed, but remanded for correction of sentence.

1. HOMICIDE — DEFENSES — DURESS.
   Duress is not a valid defense to homicide in Michigan.

2. HOMICIDE — JURY INSTRUCTIONS — INVOLUNTARY MANSLAUGHTER.
   A trial court in a murder trial need not instruct the jury on
   involuntary manslaughter where no request for such instruc-
   tion is made.

3. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.
   A defendant is entitled to credit for time served prior to sentenc-

REFERENCES

Am Jur 2d, Criminal Law § 548.

Am Jur 2d, Homicide § 119.

Coercion, compulsion, or duress as defense to charge of robbery,
larceny, or related crime. 1 ALR4th 481.

Right to credit for time spent in custody prior to trial or sentence.
77 ALR3d 182.

See also the annotations in the Index to Annotations under Instruc-
tions to Jury.

ing even if he is sentenced to serve a mandatory term of life imprisonment without parole.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad Sindt,* Prosecuting Attorney, and *Neil K. Disney,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*), for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and M. E. DODGE,* JJ.

M. E. DODGE, J. Following a jury trial, defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, and sentenced to a term of life imprisonment. Defendant appeals as of right, raising various claims of error.

The charges against the defendant arose out of the killing of Albert J. Jasenas. On July 24, 1984, Jasenas returned to his home around 10:00 P.M. As he entered the residence, he was struck from behind with a pipe wrench by the defendant. A coparticipant in the crime, Allen Fleetwood, then stabbed the victim in the back. The victim began yelling for help and left the house. He collapsed in the street and later died; however, the blow with the pipe wrench was not fatal. Fleetwood and the defendant fled, but were seen by a witness who subsequently identified them. At trial the defendant admitted his involvement in the crime, but contended that he was forced to participate by Fleetwood, who threatened to kill the defendant if he did not cooperate. The trial court instructed the jury on aiding and abetting, first-degree murder, second-degree murder, and voluntary manslaughter. The jury was also instructed on the defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's theory of the case, the defense of duress. The trial court instructed that the defense of duress was only applicable to first-degree murder, as it would only negate the element of premeditation. The jury was instructed that in order to establish the defense of duress the situation giving rise to the defense must have arisen without the fault or negligence of the defendant. Further, the jury could consider whether the defendant immediately reported to the proper authorities once he attained a position of safety from the source of the duress. The jury subsequently found the defendant guilty of first-degree murder.

The major issue in the instant case concerns the applicability of the defense of duress in homicide cases. Defendant argues that duress is a complete defense to homicide and that the trial court erred in instructing the jury on the defense. We disagree and hold that duress is not a defense to homicide.

Few cases in Michigan have dealt with the defense of duress in homicide cases. In *People v Repke,* 103 Mich 459; 61 NW 861 (1895), the defendant raised the defense of duress while being tried for first-degree murder. Rather than addressing the applicability of the defense in homicide cases, our Supreme Court held that the trial court did not err in refusing to instruct the jury on the defense of duress because the defendant had failed to establish a threat of imminent harm at the time of the crime. Our Supreme Court agreed with the trial court's determination that the defendant had failed to establish a necessary element of the defense; thus, there was no need to address the applicability of the defense in homicide cases and the Court did not do so.

At common law duress is not a defense to homi-

cide.[1] The rationale underlying the common law rule is that one cannot submit to coercion to take the life of a third person, but should risk or sacrifice his own life instead. *Arp v State,* 97 Ala 5; 12 So 301 (1893); *State v Dissicini,* 126 NJ Super 565; 316 A2d 12 (1974), aff'd 66 NJ 411; 331 A2d 618 (1975).

Some states have, by statute, diverged from the common law rule and allowed duress to be used as a defense to homicide. However, Michigan has no statutory provision governing the defense of duress in homicide cases. In the absence of statutory authority, we conclude that duress is not a valid defense to homicide in Michigan. Our conclusion is supported by Judge BEASLEY's dissenting opinion in *People v Young,* 120 Mich App 645, 653; 327 NW2d 329 (1982), lv den 417 Mich 897 (1983), where he stated "duress is never a defense to murder."

Turning to the instant case, we find that the trial court's instructions on duress were erroneous because duress is not a defense to homicide. However, the error was harmless in this instance because the jury found the defendant guilty of first-degree murder; thus, the jury implicitly rejected the defense of duress.

Defendant next contends that the trial court erred by failing to instruct the jury on involuntary manslaughter. We disagree. The record contains no written request for jury instructions, and the transcript does not show that any oral requests were made. Further, the defendant failed to object to the jury instructions given. Under these circumstances, the trial court did not err by failing to instruct on involuntary manslaughter. See *People*

---

[1] 1 Wharton's Criminal Law, § 351, p 244; 40 ALR2d 908, p 909; 4 Blackstone, Commentaries (1854), pp 29-30; 40 Am Jur 2d, Homicide, § 119, p 412; 40 CJS, Homicide, § 113, p 982.

*v Stephens,* 416 Mich 252, 261; 330 NW2d 675 (1982); *People v Burden,* 141 Mich App 160, 164; 366 NW2d 23 (1985).

Finally, defendant argues that he is entitled to credit on his sentence for time served in jail prior to sentencing. We agree. Pursuant to MCL 769.11b; MSA 28.1083(2) and *People v Paintman,* 139 Mich App 161, 176; 361 NW2d 755 (1984) lv den 422 Mich 931 (1985), a defendant is entitled to credit for time served prior to sentencing even if he is sentenced to serve a mandatory term of life imprisonment without parole. We, therefore, remand the case in order that the trial court may file a corrected judgment of sentence.

Affirmed, but remanded for correction of sentence.