PEOPLE v GIMOTTY

Docket No. 174635. Submitted February 7, 1996, at Lansing. Decided April 9, 1996, at 9:05 A.M. Leave to appeal sought.

Donald J. Gimotty was convicted by a jury in the Oakland Circuit Court, Fred M. Mester, J., of felony murder, fleeing a police officer with resultant serious bodily injury, conspiracy to commit first-degree retail fraud, first-degree retail fraud, and felonious driving. The defendant was sentenced to imprisonment for life for the conviction of felony murder, two to four years for the conviction of fleeing a police officer, and one to two years for the convictions of conspiracy, retail fraud, and felonious driving. The defendant appealed. The defendant had driven a getaway vehicle for a person who shoplifted from a clothing store. While being pursued at high speed by the police, the defendant failed to stop at a red light and struck another vehicle, causing injury to the other driver and the death of a passenger in the other vehicle. The defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in refusing to instruct the jury regarding duress as a defense. Duress is not a defense to homicide. With respect to the charge of fleeing the police, the defendant was not entitled to a jury instruction about duress because he failed to establish that he faced threatening conduct of sufficient magnitude to create fear of death or serious injury in the minds of reasonable persons.

2. First-degree retail fraud is a proper basis for felony murder. MCL 750.316; MSA 28.548 defines felony murder to include a murder committed during the perpetration of larceny of any kind. First-degree retail fraud was intended by the Legislature to be a larceny offense. In this case, the murder occurred in connection with the first-degree retail fraud because, at the time of the homicide, the defendant was fleeing from the site of the retail fraud and had not reached a place of temporary safety.

3. The trial court did not err in allowing the prosecution to cross-examine the defendant regarding whether he had wanted to flee the police because he was on probation at the time. Evidence of other acts does not violate MRE 404(b) unless it is offered solely to show the criminal propensity of an individual to establish that the

individual acted in conformity therewith. Other acts evidence is admissible where, as here, it is relevant to a theory not involving character.

4. The defendant may not be convicted of and sentenced for both *felony murder* and *first-degree retail fraud* because to do so would violate double jeopardy. Const 1963, art 1, § 15. The conviction of and sentence for first-degree retail fraud must be vacated.

Affirmed in part and vacated in part.

1. HOMICIDE — DEFENSES — DURESS.

Duress is not a defense to homicide.

2. CRIMINAL LAW — DEFENSES — DURESS.

A defendant, in order to establish duress as a defense, must, among other things, show that the defendant faced threatening conduct of sufficient magnitude to create fear of death or serious injury in the minds of reasonable persons.

3. HOMICIDE — FELONY MURDER — FIRST-DEGREE RETAIL FRAUD.

First-degree retail fraud may serve as the basis for a conviction of felony murder (MCL 750.316, 750.356c; MSA 28.548, 28.588[3]).

4. HOMICIDE — FELONY MURDER.

A murder committed while attempting to escape from or prevent detection of a felony is felony murder only if the murder is committed as part of a continuous transaction with, or is otherwise immediately connected with, the underlying felony.

5. CRIMINAL LAW — EVIDENCE — OTHER ACTS.

Evidence of other acts by a defendant is admissible where it is not offered solely to show the criminal propensity of the defendant to establish that the defendant acted in conformity therewith (MRE 404[b]).

6. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — FELONY MURDER — UNDERLYING FELONIES.

Conviction of and sentencing for both felony murder and the underlying felony violates the constitutional protection against double jeopardy; the remedy on appeal for such violation is vacation of the conviction of and sentence for the underlying felony (Const 1963, art 1, § 15).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Divi-

sion, and *Thomas S. Richards*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P.E. Bennett*),. for the defendant on appeal.

Before: TAYLOR, P.J., and MACKENZIE and M. J. TAL-BOT,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of felony murder, MCL 750.316; MSA 28.548, fleeing a police officer with resultant serious bodily injury, MCL 750.479a(5); MSA 28.747(1)(5), conspiracy to commit first-degree retail fraud, MCL 750.356c; MSA 28.588(3) and MCL 750.157a; MSA 28.354(1), first-degree retail fraud, MCL 750.356c; MSA 28.588(3), and felonious driving, MCL 752.191; MSA 28.661. He was sentenced to life imprisonment for the felony-murder conviction, two to four years' imprisonment for the fleeing conviction, and one to two years' imprisonment for the conspiracy, retail fraud, and felonious driving convictions. Defendant appeals as of right. We affirm in part and vacate in part.

On July 24, 1993, Calvin Billingslea walked into a women's clothing store and fled with six dresses priced at $69 each. He then got into a gray Thunderbird driven by defendant. A police pursuit ensued and, while being pursued in a high-speed chase, defendant failed to stop at a red light and struck another car. The driver of that car was seriously injured and her three-year-old passenger died as a result of the collision. Defendant testified that he was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

unaware that Billingslea planned to take the dresses or that the license plate on the Thunderbird had been taped over. According to defendant, Billingslea—who was on parole—slapped him on the side of the head and forced him to drive.

On appeal, defendant first contends that the trial court erred in denying his request to instruct the jury with regard to the defense of duress. The claim is without merit. It is well settled that duress is not a defense to homicide. *People v Etheridge*, 196 Mich App 43, 56; 492 NW2d 490 (1992); *People v Moseler*, 202 Mich App 296, 299; 508 NW2d 192 (1993); *People v Travis*, 182 Mich App 389, 392; 451 NW2d 641 (1990). Nor was defendant entitled to a duress instruction with regard to the fleeing charge. To establish a duress defense, defendants must show, among other elements, that they faced threatening conduct of sufficient magnitude to create fear of death or serious injury in the minds of reasonable persons. See *People v Luther*, 394 Mich 619, 623; 232 NW2d 184 (1975). Here, defendant testified that Billingslea slapped him and ordered him to drive. This evidence does not establish that defendant's flight from the police was necessitated by conduct that would cause reasonable persons to fear death or serious bodily harm. Accordingly, we find no instructional error.

Defendant next contends that the charge of felony murder was invalid because retail fraud is not an enumerated felony within the felony-murder statute. We disagree.

MCL 750.316; MSA 28.548 defines felony murder as a murder committed during the perpetration of, among other things, "larceny of any kind." Larceny is the taking and carrying away of the property of

another, done with felonious intent and without the owner's consent. *People v Malach*, 202 Mich App 266, 270; 507 NW2d 834 (1993). Simple larceny and first-degree retail fraud are both defined in the Larceny chapter of the Penal Code. Compare *Malach, supra.* MCL 750.356; MSA 28.588 governs simple larceny and prohibits "larceny, by *stealing,* of the *property of another . . . .*" (Emphasis added.) MCL 750.356c; MSA 28.588(3) provides in relevant part that a person who, "[w]hile a store is open to the public, *steals property of the store* that is offered for sale at a price of more than $100.00" is guilty of the felony of first-degree retail fraud. (Emphasis added.) The plain language of the first-degree retail fraud statute makes it clear that the Legislature intended the offense as a larceny offense. Accordingly, defendant was properly charged with felony murder.

Defendant also argues that he should not have been bound over on the felony-murder charge because when the murder occurred, he had reached temporary safety in his escape from the clothing store. This argument is premised on the principle that a murder committed while attempting to escape from or prevent detection of a felony is felony murder only if the murder is committed as part of a continuous transaction with, or is otherwise immediately connected with, the underlying felony. See *People v Turner*, 120 Mich App 23, 28; 328 NW2d 5 (1982); *People v Oliver*, 63 Mich App 509, 523; 234 NW2d 679 (1975); *People v Goree*, 30 Mich App 490, 495; 186 NW2d 872 (1971). Here, defendant sped out of the store's parking area and onto Coolidge Road, where he was observed by another driver, who called the police on his car phone and then followed defendant until the police

began their pursuit. Defendant was in the midst of a high-speed police chase when the victim was killed; he had not reached a place of temporary safety. We find no error.

Defendant next claims that the trial court erred in allowing the prosecutor to ask defendant on cross-examination whether he wanted to flee from the police because he was on probation, rather than because Billingslea was threatening him. According to defendant, this ruling was in violation of MRE 404(b), governing impeachment with evidence of other acts. However, relevant other acts evidence does not violate Rule 404(b) unless it is offered solely to show the criminal propensity of an individual to establish that he acted in conformity therewith. *People v Vander-Vliet*, 444 Mich 52, 65; 508 NW2d 114 (1993). Thus, other acts evidence is admissible *whenever* it is relevant on a noncharacter theory. *Id.* (Emphasis in original.) Here, the prosecutor's question was clearly intended to delve into defendant's motive for fleeing from the police, and not to call his character into question. Defendant's reasons for trying to elude the police were relevant and had been placed in issue by defendant during his direct examination. We find no abuse of discretion.

Defendant's final claim is that his convictions and sentences for both felony murder and the predicate felony of first-degree retail fraud violate his right against double jeopardy, Const 1963, art 1, § 15. Defendant is correct. *People v Passeno*, 195 Mich App 91, 96; 489 NW2d 152 (1992); *People v Minor*, 213 Mich App 682, 689-690; 541 NW2d 576 (1995). When a defendant is erroneously convicted of both felony murder and the underlying felony, the proper remedy

is to vacate the conviction and sentence for the underlying felony. *Passeno, supra,* p 97. We therefore vacate defendant's conviction and sentence for first-degree retail fraud.

Affirmed in part and vacated in part.