# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v

TIFFANY LYNN REICHARD,

    Defendant-Appellee.

FOR PUBLICATION
April 17, 2018
9:00 a.m.

No. 340732
Jackson Circuit Court
LC No. 16-005052-FC

Before: SAWYER, P.J., and BORRELLO and SERVITTO, JJ.

SAWYER, P.J.

In this interlocutory appeal, we must resolve the question whether duress may be used as a defense to first-degree felony murder where the claim of duress goes to defendant's participation in the underlying felony. We agree with the prosecutor that it may not.

Defendant is charged with open murder, with the predicate felony being armed robbery. The trial court granted her motion to present evidence of duress at trial.[1] Defendant acknowledged that duress is not a defense to murder, but argues that it may be a defense to the predicate felony in a felony-murder charge. The prosecution argues that it cannot be a defense to murder in any form. We agree with the prosecutor.

This case presents a question of law that we review de novo.[2] As we observed in *People v Henderson*,[3] "it is well established that duress is not a defense to homicide." In *Henderson*, this Court rejected the availability of the duress defense where the defendant claimed to have only been an aider and abettor to the killing. The Court[4] reasoned as follows:

---

[1] Defendant will apparently take the position that she was threatened or coerced into participating in the armed robbery and served as a lookout, but that she was not in the house during the robbery nor knew of the murder until after the fact.

[2] *People v Petty*, 469 Mich 108, 113; 665 NW2d 443 (2003).

[3] 306 Mich App 1, 5; 854 NW2d 234 (2014).

[4] *Henderson*, 306 Mich App at 5-6.

"The rationale underlying the common law rule is that one cannot submit to coercion to take the life of a third person, but should risk or sacrifice his own life instead." *People v Dittis,* 157 Mich App 38, 41; 403 NW2d 94 (1987). Because duress is not a defense to homicide, the trial court did not err by declining to instruct the jury in this regard with respect to defendant's murder charge. Defendant maintains that the principle that duress is not a defense to homicide is inapplicable when he did not actually commit the murder himself but was instead prosecuted primarily as an aider and abettor to murder. We fail to see the logic in this argument, and defendant provides no supporting authority that an aider and abettor to murder can employ a duress defense even though a principal is not entitled to do so. If directly committing a homicide is not subject to a duress defense, assisting a principal in the commission of a homicide cannot be subject to a duress defense either, considering that an aider and abettor to murder is assisting in taking the life of an innocent third person instead of risking or sacrificing his or her own life. See *Dittis,* 157 Mich App at 41. The underlying rationale articulated in *Dittis* is equally sound and not distinguishable in the context of aiding and abetting murder. The court in *State v Dissicini,* 126 NJ Super 565, 570; 316 A2d 12 (NJ App, 1974), aff'd 66 NJ 411 (1975), in rejecting a similar argument, observed:

"Defendant does not dispute the general rule, but argues that it is applicable only to a defendant who is the actual perpetrator of the killing, and that the defense should be available to one such as he who did not directly kill but only aided and abetted. Authoritative discussion of the point is sparse ... and this is undoubtedly so because the argument has little merit."

The California Supreme Court has stated that "because duress cannot, as a matter of law, negate the intent, malice or premeditation elements of a first degree murder, we further reject defendant's argument that duress could negate the requisite intent for one charged with aiding and abetting a first degree murder." *People v Vieira,* 35 Cal 4th 264, 290; 25 Cal Rptr 3d 337; 106 P3d 990 (2005). Even the United States Court of Appeals for the Ninth Circuit has noted that duress does not excuse murder and "in many jurisdictions, duress does not excuse attempted murder or aiding and abetting murder[.]" *Annachamy v Holder,* 733 F3d 254, 260 n 6 (CA 9, 2012). We are unaware of any Michigan precedent to the contrary in which the issue was directly confronted.

Moreover, this Court has, with limited analysis and arguably in dicta, rejected duress as a defense to felony murder.[5] These cases, however, did not focus on the issue of duress as it relates to the predicate felony. There does not appear to be a published decision in this state that does so.

---

[5] See *People v Gimotty*, 216 Mich App 254, 257; 549 NW2d (1996), and *People v Etheridge*, 196 Mich App 43, 56; 492 NW2d 490 (1992).

We see no logical reason to allow the duress defense to negate the predicate and mitigate the first-degree felony murder down to second-degree murder. As observed in *Henderson*, the public policy of this state is to disallow duress as a defense to homicide. Moreover, this remains true even where the defendant's liability is based upon aiding and abetting. More to the point, because "directly committing a homicide is not subject to a duress defense, assisting a principal in the commission of a homicide cannot be subject to a duress defense either, considering that an aider and abettor to murder is assisting in taking the life of an innocent third person instead of risking or sacrificing his or her own life."[6]

It is the existence of the predicate felony that raises the liability of the principal from second-degree murder to first-degree murder. We fail to see why aiding and abetting the murder itself should disallow the duress defense, while aiding and abetting the predicate felony would allow for it. That is, if this were simply a second-degree murder case but the facts otherwise the same, with defendant's liability being based upon an aiding and abetting theory, both defendant and the principal would be guilty of second-degree murder and the duress defense unavailable to defendant. With the addition of the predicate felony, the principal's liability is raised to first-degree murder. Yet defendant's role as an aider and abettor has remained the same, so her criminal responsibility should also be raised to first-degree murder. Simply put, in both cases she aided and abetted a crime that resulted in the taking of a human life.

What is lost in this case is that the real issue is not whether defendant was acting under duress, but whether she actually aided and abetted a criminal homicide. *Henderson*[7] discussed aiding and abetting in rejecting the defendant's argument that there was insufficient evidence to support his conviction as an aider and abettor to the homicide:

> "The phrase 'aids or abets' is used to describe any type of assistance given to the perpetrator of a crime by words or deeds that are intended to encourage, support, or incite the commission of that crime." *People v Moore,* 470 Mich 56, 63; 679 NW2d 41 (2004). To show that an individual aided and abetted the commission of a crime, the prosecution must establish
>
> "that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement." [*Carines,* 460 Mich at 757; 597 NW2d 130 (citation omitted).]
>
> With respect to the intent element, our Supreme Court in *People v Robinson,* 475 Mich 1, 15; 715 NW2d 44 (2006), elaborated:

---

[6] *Henderson*, 306 Mich App at 5-6.

[7] 306 Mich App at 10.

"We hold that a defendant must possess the criminal intent to aid, abet, procure, or counsel the commission of an offense. A defendant is criminally liable for the offenses the defendant specifically intends to aid or abet, or has knowledge of, as well as those crimes that are the natural and probable consequences of the offense he intends to aid or abet. Therefore, the prosecutor must prove beyond a reasonable doubt that the defendant aided or abetted the commission of an offense and that the defendant intended to aid the charged offense, knew the principal intended to commit the charged offense, or, alternatively, that the charged offense was a natural and probable consequence of the commission of the intended offense."

Thus, to convict defendant, the prosecutor will have to show that she intended to aid in the charged offense, knew that the principal intended to commit the charged offense, or that the charged offense was the natural and probable consequence of the crime that she intended to aid and abet.[8] If the prosecutor is able to make this showing, then defendant will have knowingly participated in a homicide or, at a minimum, participated in a crime for which homicide was a natural and probable consequence. Therefore, to allow the duress defense in this context would, in fact, allow it to be used as a defense to murder.

For these reasons, we conclude that the trial court erred in granting defendant's motion to raise duress as a defense to the murder charge, including the felony-murder theory.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto

---

[8] *Henderson*, 306 Mich App at 12.