# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 23, 2019

157918

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

*In re* PILAND, Minors.

SC: 157918
COA: 340754
Ingham CC Family Division:
17-000591-NA

_____/

On April 10, 2019, the Court heard oral argument on the application for leave to appeal the May 15, 2018 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we AFFIRM the holding of the Court of Appeals that MCL 722.634 applies to child protective proceedings. We also agree with the respondents that, in a proceeding under MCL 712A.2(b)(1), the availability of an instruction based on MCL 722.634 does not depend on whether the respondents' failure to provide specified medical treatment for a child is characterized as an act of neglect or an act of refusal. We nevertheless VACATE that part of the judgment of the Court of Appeals stating that "the trial court *must* instruct the jury that '[a] parent or guardian legitimately practicing his religious belief who thereby does not provide medical treatment for a child, for that reason alone shall not be considered a negligent parent or guardian.' " (Emphasis added.) This part of the Court of Appeals' judgment was premature, because the respondents' entitlement to a jury instruction based on MCL 722.634 depends on the evidence that is ultimately presented at the respondents' adjudication trial. See, e.g., *Camden Fire Ins Co v Kaminski*, 352 Mich 507, 511 (1958); see also MCR 2.512. We REMAND this case to the Ingham Circuit Court for further proceedings. On remand, the trial court must provide an instruction that is consistent with MCL 722.634 if such an instruction is requested by the respondents and if a rational view of the evidence supports the conclusion that the failure to provide medical treatment was based on the respondents' legitimate practice of their religious beliefs.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 23, 2019



Clerk

s0521