# Syllabus

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

Reporter of Decisions:
Kathryn L. Loomis

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

## PEOPLE v REICHARD

Docket No. 157688. Argued on application for leave to appeal October 2, 2019. Decided March 30, 2020.

Tiffany L. Reichard was bound over to the Jackson Circuit Court on a charge of open murder under a felony-murder theory for having aided and abetted her boyfriend in an armed robbery during which he stabbed a man to death. Defendant moved to present evidence that her boyfriend had physically abused her and that she had participated in the armed robbery under duress. The court, Thomas D. Wilson, J., granted the motion. The prosecution filed an interlocutory application for leave to appeal, and the Court of Appeals, SAWYER, P.J., and BORRELLO and SERVITTO, JJ., reversed and remanded, holding that duress may not be used as a defense to first-degree felony murder when the claim of duress involves the defendant's participation in the underlying felony. 323 Mich App 613 (2018). Defendant sought leave to appeal in the Supreme Court, which ordered and heard oral argument on whether to grant the application or take other action. 503 Mich 910 (2018).

In a unanimous opinion by Justice VIVIANO, the Supreme Court, in lieu of granting leave to appeal, *held*:

Duress may be asserted as an affirmative defense to felony murder if it is a defense to the underlying felony. *People v Gimotty*, 216 Mich App 254 (1996), and *People v Etheridge*, 196 Mich App 43 (1992), were overruled to the extent they held that duress is not an affirmative defense to felony murder.

1. Under MCL 750.316(1)(b), a person who commits murder in the perpetration of or attempt to perpetrate robbery, among other specified felonies, is guilty of first-degree murder. To convict a person of felony murder under this provision, the prosecution must show that the defendant acted with intent to kill or to inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of the defendant's behavior is to cause death or great bodily harm. Thus, MCL 750.316(1)(b) operates only to elevate a second-degree murder to first-degree murder if it was committed in the commission of one of the enumerated felonies.

2. To merit an instruction on the common-law affirmative defense of duress, a defendant bears the burden of producing some evidence from which a jury could conclude that the threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious

bodily harm, the conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant, the fear or duress was operating upon the mind of the defendant at the time of the alleged act, and the defendant committed the act to avoid the threatened harm. Regarding the first factor, the threatening conduct or act of compulsion must be present, imminent, and impending, and the threat must have arisen without the negligence or fault of the person who insists upon it as a defense. Historically, duress was not permitted as an affirmative defense to murder, and Michigan has recognized this common-law rule. Other jurisdictions have also recognized the rule or adopted it by statute.

3. The Michigan Supreme Court has not directly addressed whether duress is a defense to felony murder, but the Michigan Court of Appeals has held that it is not on the ground that duress is not a defense to homicide. However, the rationale for precluding the use of duress as an affirmative defense for other types of murder is that when someone has a choice between sparing his or her own life or that of an innocent, the law expects that individual to spare the innocent person's life. But felony murder does not present that choice. Instead, in the felony-murder context, the individual faces a choice between whether to spare his or her own life or aid in a lesser felony, i.e., one that does not include as an element the killing of an innocent. Moreover, holding that duress may not be asserted as an affirmative defense to felony murder could lead to illogical and unacceptable results: if the underlying felony alone were charged, duress could be used as an affirmative defense; but, when they are charged together, a defendant might be acquitted of the underlying felony on the basis of duress, but then be found guilty of felony murder. The fact that MCL 750.316(1)(b) separately requires malice does not mean that duress cannot be an affirmative defense to felony murder because a successful defense would negate the aggravator element—i.e., commission of the underlying crime—by showing that the defendant was justified in committing the underlying felony. With the aggravator element negated, a prosecutor would still be able to proceed against the defendant on the lesser included offense of second-degree murder if the evidence supported that charge.

4. The Court of Appeals' judgment was reversed, and the case was remanded to the trial court. On remand, the trial court must provide a duress instruction if such an instruction is requested by defendant and if a rational view of the evidence supports the conclusion that defendant aided the robbery out of duress.

Reversed and remanded for further proceedings.

©2020 State of Michigan

# OPINION

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

FILED March 30, 2020

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                No. 157688

TIFFANY LYNN REICHARD,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

VIVIANO, J.

The issue in this case is whether duress is an affirmative defense to a charge of felony murder. For the reasons below, we hold that duress may be asserted as an affirmative defense to felony murder if it is a defense to the underlying felony.

## I. FACTS

Defendant is charged with open murder for assisting her boyfriend, Michael Beatty, in an armed robbery that resulted in the stabbing death of the victim, Matthew Cramton. According to the evidence presented at the preliminary examination, defendant agreed to

help Beatty conduct a robbery by knocking on the door of Cramton's home. When Cramton came to the door, Beatty entered the home with a gun to rob him. Defendant acted as a lookout while Beatty was inside. When Beatty left Cramton's home, he was covered in blood and carrying a knife. Defendant then drove Beatty to his mother's house and helped him dispose of his clothing. Cramton died from multiple stab wounds.

Prior to trial, defendant filed a motion to present a duress defense to the felony-murder charge. Defendant claimed that Beatty had physically and sexually abused her in the past and that she aided him in the armed robbery that resulted in Cramton's death because she was under duress. Therefore, because defendant committed the underlying felony under duress, she contends that she cannot be guilty of felony murder. The trial court granted the motion, ruling that defendant would be permitted to present her duress defense.

The prosecutor appealed, and the Court of Appeals reversed. In deciding that duress cannot be asserted as a defense to felony murder, the Court of Appeals relied on *People v Henderson*, 306 Mich App 1, 5; 854 NW2d 234 (2014), which held that duress is not available as a defense to aiding and abetting murder. The panel reasoned:

> It is the existence of the predicate felony that raises the principal's liability from second-degree murder to first-degree murder. We fail to see why aiding and abetting the murder itself should disallow the duress defense, while aiding and abetting the predicate felony would allow for it. That is, if this were simply a second-degree murder case but the facts otherwise the same, with defendant's liability being based upon an aiding and abetting theory, both defendant and the principal would be guilty of second-degree murder, and the duress defense would be unavailable to defendant. With the addition of the predicate felony, the principal's liability is raised to first-degree murder. Yet defendant's role as an aider and abettor has remained the same, so her criminal responsibility should also be raised to first-degree

2

murder. Simply put, in both cases she aided and abetted a crime that resulted in the taking of a human life.[1]

The Court of Appeals also posited that, to convict defendant under an aiding and abetting theory, the prosecutor would need to show "(1) that she intended to aid in the charged offense, or (2) that she knew that the principal intended to commit the charged offense, or (3) that the charged offense was a natural and probable consequence of the crime that she intended to aid and abet."[2] Thus, the Court of Appeals reasoned:

> If the prosecutor is able to make this showing, then defendant will have intentionally or knowingly participated in a homicide or, at a minimum, participated in a crime for which homicide was a natural and probable consequence. Therefore, to allow the duress defense in this context would, in fact, allow it to be used as a defense to murder.[3]

Consequently, the Court of Appeals held "that the trial court erred by granting defendant's motion to raise duress as a defense to the murder charge, including the felony-murder theory."[4] Defendant then sought leave to appeal in this Court. We ordered oral argument on the application, directing the parties to address "whether the Court of Appeals correctly determined that duress is not an available defense to the charge of felony murder under any circumstances."[5]

---

[1] *People v Reichard*, 323 Mich App 613, 617; 919 NW2d 417 (2018).

[2] *Id*. at 618.

[3] *Id*. at 619.

[4] *Id*.

[5] *People v Reichard*, 503 Mich 910, 910 (2018).

## II.  STANDARD OF REVIEW

"Whether common law affirmative defenses are available for a statutory crime and, if so, where the burden of proof lies are questions of law."[6]  As such, they are reviewed de novo.[7]

## III.  ANALYSIS

## A.  FELONY MURDER

Defendant was charged with open murder under a felony-murder theory with armed robbery as the underlying felony.[8]  MCL 750.316 provides, in part:

> (1) . . . [A] person who commits any of the following is guilty of first degree murder and shall be punished by imprisonment for life without eligibility for parole:
>
> *  *  *
>
> (b) Murder committed in the perpetration of, or attempt to perpetrate, arson, criminal sexual conduct in the first, second, or third degree, child abuse in the first degree, a major controlled substance offense, robbery, carjacking, breaking and entering of a dwelling, home invasion in the first or

---

[6] *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010).

[7] *Id.*

[8] Defendant was charged pursuant to MCL 767.71, which provides that "[i]n all indictments for murder and manslaughter it shall not be necessary to set forth the manner in which nor the means by which the death of the deceased was caused; but it shall be sufficient in any indictment for murder to charge that the defendant did murder the deceased . . . ."  The offense of felony murder is set forth in MCL 750.316(1)(b), which is discussed in more detail below.  The offense of armed robbery is set forth in MCL 750.529, which provides that "[a] person who engages in conduct proscribed under [MCL 750.530] and who in the course of engaging in that conduct, possesses a dangerous weapon . . . , is guilty of a felony punishable by imprisonment for life or for any term of years.  If an aggravated assault or serious injury is inflicted by any person while violating this section, the person shall be sentenced to a minimum term of imprisonment of not less than 2 years."

second degree, larceny of any kind, extortion, kidnapping, vulnerable adult abuse in the first or second degree under [MCL 750.145n], torture under [MCL 750.85], aggravated stalking under [MCL 750.411i], or unlawful imprisonment under [MCL 750.349b].

At common law, the felony-murder doctrine "recognize[d] the intent to commit the underlying felony, in itself, as a sufficient mens rea for murder."[9] By contrast, under our felony-murder statute, malice has to be separately shown.[10] As in every murder case, to convict a person of felony murder under this statute, "it must be shown that he acted with intent to kill or to inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm."[11] Thus, MCL 750.316(1)(b) operates only to elevate a second-degree murder to

---

[9] *People v Aaron*, 409 Mich 672, 717; 299 NW2d 304 (1980). See also *id*. at 689-698 (discussing the historical development of the common-law felony-murder doctrine).

[10] *Id*. at 733 (holding that under the Michigan felony-murder statute, the mental element of murder is not satisfied by proof of the intention to commit the underlying felony, but instead must be separately shown).

[11] *Id*.; see also *People v Dumas*, 454 Mich 390, 397; 563 NW2d 31 (1997) (opinion by RILEY, J.) (noting that after *Aaron*, "the people must prove one of the three intents that define malice in every murder case"); *id*. at 414 (BOYLE, J., dissenting) ("The teaching of *Aaron* is that malice, with regard to a homicide, may not be imputed from the underlying felony."); *People v Nowack*, 462 Mich 392, 401; 614 NW2d 78 (2000), quoting *People v Carines*, 460 Mich 750, 758-759; 597 NW2d 130 (1999) (" 'The elements of felony murder are: (1) the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result [i.e., malice], (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated in [the statute . . . ].' ").

5

first-degree murder if it was committed in the commission of one of the enumerated felonies.[12]

## B. DURESS

Defendant seeks to present a duress defense. "Duress is a common-law affirmative defense."[13] To merit a duress instruction, a defendant bears the burden of producing some evidence from which the jury could conclude the following:

> "A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;
>
> B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;
>
> C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and
>
> D) The defendant committed the act to avoid the threatened harm."[14]

Regarding the first factor, "[T]he threatening conduct or act of compulsion must be 'present, imminent, and impending . . . ,' and . . . the threat 'must have arisen without the negligence or fault of the person who insists upon it as a defense.' "[15]

---

[12] *Aaron*, 409 Mich at 721. One author has referred to these kinds of statutes as "felony aggravator statutes." Binder, *The Origins of American Felony Murder Rules*, 57 Stan L Rev 59, 141 (2004). Michigan was not alone in adopting a statute of this type. *Id*. (noting that felony aggravator statutes were enacted by 22 states, including Arkansas, Connecticut, Delaware, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Nebraska, New Hampshire, North Carolina, Ohio, Pennsylvania, Tennessee, Virginia, Washington, West Virginia, and Wyoming).

[13] *People v Lemons*, 454 Mich 234, 245; 562 NW2d 447 (1997).

[14] *Id*. at 247, quoting *People v Luther*, 394 Mich 619, 623; 232 NW2d 184 (1975).

[15] *Lemons*, 454 Mich at 245, quoting *People v Merhige*, 212 Mich 601, 610; 180 NW 418 (1920).

Historically, duress was not permitted as an affirmative defense to murder. In the seventeenth century, Sir Matthew Hale wrote:

> [I]f a man be desperately assaulted, and in peril of death, and cannot otherwise escape, unless to satisfy his assailant's fury he will kill an innocent person then present, the fear and actual force will not acquit him of the crime and punishment of murder, if he commit the fact; for he ought rather to die himself, than kill an innocent[.][16]

Blackstone, nearly a century later, explained the rule as follows:

> Another species of compulsion or necessity is what our law calls *duress per minas*; or threats and menaces, which induce a fear of death or other bodily harm, and which take away for that reason the guilt of many crimes and misdemeanors; at least before the human tribunal. . . . This however seems only, or at least principally, to hold as to positive crimes, so created by the laws of society; and which therefore society may excuse; but not as to natural offences, so declared by the law of God, wherein human magistrates are only the executioners of divine punishment. And therefore though a man be violently assaulted, and hath no other possible means of escaping death, but by killing an innocent person; this fear and force shall not acquit him of murder; for he ought rather to die himself, than escape by the murder of an innocent.[17]

The Court of Appeals first recognized the rule in *People v Dittis*, 157 Mich App 38, 41; 403 NW2d 94 (1987), in which the Court of Appeals held that "duress is not a valid defense

---

[16] 1 Hale, History of the Pleas of the Crown, p 51.

[17] 4 Blackstone, Commentaries on the Laws of England, p 30.

7

to homicide in Michigan." And it has repeatedly recognized the rule in subsequent cases.[18]

Other jurisdictions have also recognized the common-law rule or adopted it by statute.[19]

---

[18] See, e.g., *People v Young*, 120 Mich App 645, 653; 327 NW2d 329 (1982) (BEASLEY, J., dissenting) (stating that "duress is never a defense to murder"); *People v Feldmann*, 181 Mich App 523, 532; 449 NW2d 692 (1990) ("The prosecution met its burden of disproving defendant's duress defense beyond a reasonable doubt. . . . As for defendant's murder charges, coercion was not a viable defense."); *People v Travis*, 182 Mich App 389, 392; 451 NW2d 641 (1990) ("Duress is not a defense to homicide[.]"); *People v Etheridge*, 196 Mich App 43, 56; 492 NW2d 490 (1992) ("However, duress is not a valid defense to homicide."); *People v Moseler*, 202 Mich App 296, 299; 508 NW2d 192 (1993) (rejecting defendant's claim that she should have been afforded a duress defense based on *Dittis* when convicted of involuntary manslaughter); *People v Henderson*, 306 Mich App 1, 5; 854 NW2d 234 (2014) ("[I]t is well established that duress is not a defense to homicide."). But see *People v Rolston*, 51 Mich App 146, 148; 214 NW2d 894 (1974) (holding that the defendant's acquittal of murder, which resulted after the defendant presented a duress defense, prevented further prosecution for other crimes arising out of the same criminal transaction).

We note that several treatises state more precisely that duress is not an affirmative defense to murder or intentional homicide, as opposed to homicide generally. See, e.g., 2 LaFave, Substantive Criminal Law (3d ed), Duress, § 9.7(b) ("[D]uress is no defense to the intentional taking of life by the threatened person . . . ."); 2 Robinson, Criminal Law Defenses, Duress, § 177(g) ("If a legislature concludes that no pressure is sufficient to cause the reasonable citizen to commit murder, a rule barring a duress excuse for murder is sound."); 40 Am Jur 2d, Homicide, § 107 ("It is generally held that neither duress, coercion, nor compulsion are defenses to murder . . . ."); 40 CJS, Homicide, § 181 ("The rule encompasses denial of the defense to all forms of murder, including homicides resulting from an intent to do grievous bodily harm, as well as an actual intent to kill and seems to include all other offenses where an intent to kill is an essential element."). *Dittis* is the first Michigan case to state that duress is not a defense to "homicide," though *Dittis* involved first-degree murder. Nevertheless, as stated above, *Dittis*'s statement has been applied more broadly. See, e.g., *Moseler*, 202 Mich App at 299 (relying on *Dittis* to determine that duress is not a defense to involuntary manslaughter). We overrule *Dittis* and its progeny to the extent they purported to adopt this overly broad rule. Because it is not necessary in the instant case to consider whether duress may be an affirmative defense to any form of homicide other than felony murder, we do not consider this question further.

[19] See 2 Robinson, Criminal Law Defenses, Duress, § 177 (noting that "the common law exclusion of duress . . . is also prevalent in modern statutes"); *id.* at n 58 (listing cases and statutes from 16 states that prohibit the use of duress as an affirmative defense to murder).

## C. WHETHER DURESS IS AN AFFIRMATIVE DEFENSE TO FELONY MURDER

This Court has not directly addressed whether duress is a defense to felony murder,[20] but the Court of Appeals has considered this argument. In *People v Gimotty*, 216 Mich App 254; 549 NW2d 39 (1996), the defendant was convicted of felony murder. A coperpetrator had gone into a women's clothing store and stolen six dresses before getting into defendant's vehicle, which defendant was driving. The police pursued them, and the defendant got into a fatal collision with a third party. The defendant claimed that he did not know his coperpetrator planned to steal any items and that his coperpetrator had slapped him on the head to force him to drive. The Court of Appeals found that no duress

---

But see *MacKool v State*, 363 Ark 295, 302; 213 SW3d 618 (2005) (allowing duress as an affirmative defense to murder on statutory grounds); *State v Heinemann*, 282 Conn 281, 298; 920 A2d 278 (2007) (same). Additionally, in some states, the fact that a defendant acted under duress may reduce his or her guilt. See, e.g., *Commonwealth v Vasquez*, 462 Mass 827, 835; 971 NE2d 783 (2012) ("Although we hereby reject duress as a defense to deliberately premeditated murder, murder committed with extreme atrocity or cruelty, and murder in the second degree, we do not foreclose the possibility that, in exceptional and rare circumstances of duress, justice may warrant reduction of a defendant's guilt in our review under G.L. c. 278, § 33E.").

[20] In *People v Repke*, 103 Mich 459, 472; 61 NW 861 (1895), this Court determined that a defendant convicted of first-degree murder was not entitled to a duress instruction because the defendant claimed he was threatened three days before the crime. In support of its holding, the Court noted that "[t]he necessity which will excuse a man for breach of law must be instant and imminent." *Id*. See also *Lemons*, 454 Mich at 247. Although *Repke* may be read as implying that duress may be asserted as a defense to felony murder in an appropriate case, any such implication was not deliberately examined or decided by the Court and thus carries no precedential weight. See *People v Graves*, 458 Mich 476, 480; 581 NW2d 229 (1998), citing *People v Jamieson*, 436 Mich 61, 79; 461 NW2d 884 (1990) (opinion by BRICKLEY, J.) (discussing standards for stare decisis).

instruction was warranted because "[i]t is well settled that duress is not a defense to homicide."[21]

However, *Gimotty*'s conclusion makes little sense in light of the rationale for precluding the use of duress as an affirmative defense for other types of murder: that "though a man be violently assaulted, and hath no other possible means of escaping death, but by killing an innocent person; this fear and force shall not acquit him of murder; for he ought rather to die himself, than escape by the murder of an innocent."[22] That is, when someone has a choice between sparing his or her own life or that of an innocent, the law expects that individual to spare the innocent person's life. But felony murder does not present that choice. Instead, in the felony-murder context, the individual faces a choice between whether to spare his or her own life or aid in a lesser felony (i.e., one that does not include as an element the killing of an innocent).

As the Oklahoma Court of Criminal Appeals explained in *Tully v State*, 730 P2d 1206, 1210; 1986 OK CR 185 (Okla, 1986):

> It is compatible with the common law policy of duress that the defense should attach where the defendant consented, by duress, only to the commission of the lesser crime and not to the killing, and, at the time of his participation in

---

[21] *Gimotty*, 216 Mich App at 257, citing *Etheridge*, 196 Mich App at 56; *Moseler*, 202 Mich App at 299; and *Travis*, 182 Mich App at 392. Moreover, in *Gimotty*, the Court of Appeals also determined that the defendant could not assert a duress defense to the underlying felony because he could not show that he was threatened with conduct of sufficient magnitude to create fear of death or serious injury in the minds of reasonable persons. *Gimotty*, 216 Mich App at 257.

[22] 4 Blackstone at 30; see also 1 Hale at 51.

10

the lesser felony, had reason to believe his life or the life of another was immediately in danger unless he participated.[23]

In *McMillan v State*, 428 Md 333, 353; 51 A3d 623 (2012), the court similarly explained that "[Blackstone's] rationale disappears when the sole ground for the murder charge is that the defendant participated in an underlying felony, under duress, and the defendant's co-felons unexpectedly killed the victim, thereby elevating the charge to felony murder."[24]

Moreover, holding that duress may not be asserted as an affirmative defense to felony murder could lead to illogical and "unacceptable results."[25] If the underlying felony alone were charged, duress could be used as an affirmative defense. But, where they are charged together, a defendant might be acquitted of the underlying felony on the basis of duress, but then be found guilty of felony murder.

Our conclusion is supported by courts and commentators alike. The Supreme Court of Kansas, relying on *Tully*, concluded "that, where compulsion is a defense to an underlying felony . . . so that the felony is justifiable, compulsion is equally a defense to

---

[23] *Id*.

[24] *Id*. (citation and quotation marks omitted). See also *Rodriguez v State*, 174 So 3d 502, 506-507 (Fla App, 2015), citing *McMillan*, 428 Md at 353.

The Court of Appeals held that duress is not an affirmative defense to aiding and abetting in the underlying felony for felony murder because it is not a defense to aiding and abetting a murder. *Reichard*, 323 Mich App at 617. But the situations are not analogous. As explained, Blackstone's rationale is not applicable in the felony-murder context, in which someone faces a choice between sparing his or her own life or aiding in a lesser felony. Blackstone's rationale is applicable though when someone has a choice between sparing his or her own life or aiding and abetting the murder of an innocent person.

[25] *McMillan*, 428 Md at 354.

charges of felony murder."[26] The Massachusetts Supreme Judicial Court similarly reasoned, "As duress is available against a charge of armed robbery, . . . it would seem to follow that it should also apply to armed robbery eventuating in death, i.e., a felony murder, especially since religious or ethical objections would be felt less strongly here than in a case of premeditated murder."[27] And, according to LaFave, "[D]uress is no defense to the

[26] *State v Hunter*, 241 Kan 629, 642; 740 P2d 559 (1987).

[27] *Commonwealth v Robinson*, 382 Mass 189, 201 n 14; 415 NE2d 805 (Mass, 1981). Indeed, this appears to be the prevailing view. See also *Pugliese v Commonwealth*, 16 Va App 82, 95-96; 428 SE2d 16 (1993); *State v Gay*, 334 NC 467, 491-492; 434 SE2d 840 (1993); *People v Serrano*, 286 Ill App 3d 485, 490-493; 676 NE2d 1011 (1997); *People v Anderson*, 28 Cal 4th 767, 784; 50 P3d 368 (2002); *McMillan*, 428 Md at 353; *Rodriguez*, 174 So 3d at 506-507; *Doubleday v People*, 364 P3d 193, 197-198; 2016 CO 3 (Colo, 2016).

Of the state courts reaching the opposite conclusion, the vast majority are distinguishable because they have refused to recognize duress as an affirmative defense to felony murder on statutory grounds. See *State v Moretti*, 66 Wash 537, 540; 120 P 102 (1912) (basing its holding on a statute allowing for a duress defense for any crime "except murder"); *State v Encinas*, 132 Ariz 493, 496; 647 P2d 624 (1982) (basing its holding on a statute providing that duress "is unavailable for offenses involving homicide or serious physical injury"); *State v Rumble*, 680 SW2d 939, 940-941 & n 3 (Mo, 1984) (basing its holding on a statute providing for a duress defense except "[a]s to the crime of murder"); *Moore v State*, 697 NE2d 1268, 1273 & n 2 (Ind Ct App, 1998) (basing its holding on a statute providing for a duress defense except for "offense[s] against the person"); *State v Proctor*, 585 NW2d 841, 843 (Iowa, 1998) (basing its holding on a statute disallowing a duress defense for "act[s] by which one intentionally or recklessly causes physical injury to another"). Because Michigan has no similar statute, we find these cases unpersuasive. The only case we could locate reaching the opposite conclusion without reliance on a statute is *State v Perkins*, 219 Neb 491, 499; 364 NW2d 20 (1985). There, the court held, "The trial court did not err in refusing to instruct as to duress. As established in *State v. Fuller*, 203 Neb. 233, 278 N.W.2d 756 (1979), *supp. op.* 204 Neb. 196, 281 N.W.2d 749, duress is not a defense to a charge of homicide." *Perkins*, 219 Neb at 499. But neither *Perkins* nor *Fuller*, on which *Perkins* relies, provides any further analysis to support its holdings. *Fuller*, 203 Neb at 243 ("Duress or compulsion is no excuse to a charge of

intentional taking of life by the threatened person; but it is a defense to a killing done by another in the commission of some lesser felony participated in by the defendant under duress."[28]

The prosecution argues that, while duress may be allowed as an affirmative defense to felony murder under the common-law felony-murder doctrine, it should not be an affirmative defense under MCL 750.316(1)(b). Specifically, because duress may not be asserted as an affirmative defense to second-degree murder, and MCL 750.316(1)(b) operates only to elevate a second-degree murder to first-degree murder if it was committed in the commission of one of the enumerated felonies, the prosecution urges us to conclude that duress may not be asserted as a defense to felony murder.[29] However, that conclusion is a non sequitur. The fact that MCL 750.316(1)(b) separately requires malice does not mean that duress cannot be an affirmative defense to felony murder since a successful defense would negate the aggravator element (i.e., commission of the underlying crime),

---

homicide."), citing 22 CJS, Criminal Law, § 44, p 135. Therefore, we find *Perkins*'s reasoning unpersuasive.

[28] 2 LaFave, § 9.7(b).

[29] See *People v Carp*, unpublished per curiam opinion of the Court of Appeals, issued December 30, 2008 (Docket No. 275084), p 6 ("Significantly, felony-murder in Michigan cannot be established solely by the intent to commit a felony. [*Aaron*, 409 Mich] at 727. Rather, the requirement of malice to establish felony-murder is the same as the requirement of malice to establish second-degree murder; 'the intent to kill, intent to do great bodily harm, or wanton and willful disregard of the likelihood that the natural tendency of a person's behavior is to cause death or great bodily harm.' *Id*. at 727-728. Thus, a finding of felony-murder necessarily entails a finding of malice to establish second-degree murder. Given that duress is not a defense to second-degree murder, duress cannot be a defense to felony-murder.").

13

by showing that the defendant was justified in committing the underlying felony.[30]  With the aggravator element negated, a prosecutor would still be able to proceed against the defendant on the lesser included offense of second-degree murder if the evidence supported that charge.[31]  In other words, the defendant's duress defense to the underlying felony would only prevent the enhancement of second-degree murder to first-degree murder.

## IV.  CONCLUSION

In sum, we hold that duress may be asserted as an affirmative defense to felony murder if it is a defense to the underlying felony.  That Michigan has a separate malice requirement for felony murder does not alter our conclusion.[32]  We therefore reverse the Court of Appeals' judgment and remand this case to the trial court for proceedings not inconsistent with this opinion.  On remand, the trial court must provide a duress instruction if such an instruction is requested by defendant and if a rational view of the evidence supports the conclusion that defendant aided Beatty with the robbery out of duress.[33]  We

---

[30] *Lemons*, 454 Mich at 247 n 16 ("Although there has been disagreement among authorities with regard to this issue, we are persuaded that the correct view is that 'even though [the defendant] has done the act the crime requires and has the mental state which the crime requires, his conduct which violates the literal language of the criminal law is justified because he has thereby avoided a harm of greater magnitude.' "), quoting 1 LaFave & Scott, Substantive Criminal Law, § 5.3, p 615 (citations omitted).

[31] *People v Carter*, 395 Mich 434, 437; 236 NW2d 500 (1975) ("We hold that there were lesser included offenses to first-degree felony-murder.  Second-degree murder is always a lesser included offense of first-degree murder.").

[32] In its amicus brief, the Prosecuting Attorneys Association of Michigan contends that the burden of persuasion for duress should be on the defendant.  However, because no party addressed this issue, we decline to reach it.

[33] *In re Piland, Minors*, 503 Mich 1032, 1033 (2019).

14

also overrule *Gimotty*, as well as *People v Etheridge*, 196 Mich App 43, 56; 492 NW2d 490 (1992), to the extent they hold that duress is not an affirmative defense to felony murder.

David F. Viviano
Bridget M. McCormack
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

15